1  **BRIAN G. WOLF (SBN 135257)**
   bwolf@lavelysinger.com
2  **EVAN N. SPIEGEL (SBN 198071)**
   espiegel@lavelysinger.com
3  **CESIE C. ALVAREZ (SBN 355204)**
   calvarez@lavelysinger.com
4  **LAVELY & SINGER P.C.**
   2049 Century Park East, Suite 2400
5  Los Angeles, California 90067-2906
   Tel:   (310) 556-3501
6

7  Attorneys for Plaintiffs
   ROBBINS RESEARCH INTERNATIONAL, INC.,
8  and TR LEGACY, LLC

9

10              **UNITED STATES DISTRICT COURT**

11           **SOUTHERN DISTRICT OF CALIFORNIA**

12

13  **Robbins Research International, Inc**.,)    CASE NO.: 25cv1637-GPC-DEB
    a corporation; **TR Legacy, LLC**, a     )    Hon. Gonzalo P. Curiel
14  limited liability company,                )
                                              )
15                                            )    **DECLARATION OF EVAN N.**
                Plaintiffs,                   )    **SPIEGEL IN SUPPORT OF**
16                                            )    **PLAINTIFFS' MOTION FOR**
          v.                                  )    **DEFAULT JUDGMENT AGAINST**
17                                            )    **DEFENDANTS INNOLEAP AI LLC**
    **InnoLeap AI LLC**, a limited liability  )    **AND MIRA MUSE LLC**
18  company; **Mira Muse LLC**, a limited     )
    liability company; and DOES 1-10,        )
19  inclusive,                                )    Complaint Filed:      June 26, 2025
                                              )    Innoleap AI LLC
20                Defendants.                  )       Service Effective:  July 1, 2025
                                              )       L/D to Respond:     July 22, 2025
21  _____ )    Mira Muse LLC
                                                     Service Effective:  June 30, 2025
22                                                   L/D to Respond:     July 21, 2025
23                                                Defaults Entered:      Aug 1, 2025
24

25

26

27

28

I, EVAN N. SPIEGEL, declare as follows:

1.     I am an attorney at law duly qualified to practice before this Court and the Courts of the State of California and the United States of America.  I am a member of the law firm Lavely & Singer Professional Corporation, attorneys for plaintiffs Robbins Research International, Inc. ("RRI") and TR Legacy, LLC ("TRL") (together, "Plaintiffs") in the above-captioned matter, and for Anthony "Tony" Robbins, RRI's namesake and CEO. This Declaration is submitted in support of Plaintiffs RRI and TRL's Motion for Default Judgment against defendants InnoLeap AI LLC ("InnoLeap") and Mira Muse LLC ("Mira Muse") (collectively, "Defendants"). The facts stated herein are stated of my own personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.     Following my clients becoming aware of the Defendants' YesChat.AI website (the "Website") and its subscription access service platform promoting, offering for sale or use and availability, and exploiting unauthorized and bootleg products featuring intellectual property owned by RRI and TRL, my clients notified my office of the Website, and authorized us to send a cease and desist notice and move to shut-down the infringements. Upon my personal review, I observed that Defendants' Website offers over 10,000 AI chatbots trained to mimic specific personas. Among these, Defendants created and offer multiple chatbot replicas labeled -- with 11 currently specifically identified -- with Robbins' name and designed to impersonate his voice, likeness, style, and proprietary coaching methods. Defendants' conduct goes beyond mere reference: their AI chatbots masquerade as Robbins, respond to user questions on core topics central to Robbins' teachings, and deliver advice in Robbins' signature style and materials, thereby diverting consumers from Plaintiffs' legitimate seminars, courses, and licensed content, and RRI's own Tony Robbins AI chatbot subscription services.

DECL. OF EVAN N. SPIEGEL ISO MTN FOR DEFAULT JUDGMENT          25cv01637

3.    On March 31, 2025, May 21, 2025 and May 28, 2025, my office prepared and sent pre-litigation cease and desist demand letters to Defendants, demanding that they remove and discontinue their unauthorized and infringing Robbins chatbot replicas (the "Demand Letters").  Attached hereto as **Exhibit A and B and C**, respectively, are true and correct copies of the Demand Letters sent by my office to Defendants on March 31, 2025, May 21, 2025 and May 28, 2025. We received no response back from Defendants to the Demand Letters, and Defendants have refused to comply, and the infringing chatbots remain publicly accessible, offered, and exploited through Defendants' YesChat.ai Website.  As of September 2, 2025, Defendants' Website was still active online, and they continued operating their associated subscription based access services, continuing to promote, offer for use, and exploit unauthorized and bootleg products featuring intellectual property owned by RRI and TRL, including, specifically, 11-identified unauthorized "Tony Robbins" chatbot replicas.

4.    My firm and I subsequently filed the Complaint in this action on June 26, 2025 (Docket "Document 1"). The Summons as to Defendant InnoLeap AI LLC and Mira Muse LLC was issued on June 27, 2025.  Defendant InnoLeap was served with the Summons and Complaint (and all other applicable initial pleadings, forms, and notices) on July 1, 2025 via personal service on its registered agent designated to accept service of process. For the Court's convenience, attached as **Exhibit D** hereto is a true and correct copy of the Proof of Service of Summons and Complaint by personal service on InnoLeap, filed on July 03, 2025, filed as ECF Document No. 6.  Pursuant to F.R.C.P. Rule 55(a), Plaintiffs filed a Request for Entry of Default against InnoLeap on July 30, 2025, as ECF Document No. 8.

5.    Defendant Mira Muse was served with the Summons and Complaint (and all other applicable initial pleadings, forms, and notices) on June 30, 2025 via personal service on its registered agent designated to accept service of process. For the Court's convenience, attached as **Exhibit E** hereto is a true and correct copy of

the Proof of Service of Summons and Complaint by personal service on Mira Muse, filed on July 10, 2025, filed as ECF Document No. 7. Pursuant to F.R.C.P. Rule 55(a), Plaintiffs filed a Request for Entry of Default against Mira Muse on July 30, 2025, as ECF Document No. 9.

6.      On August 1, 2025, the Clerk of Court entered the default as to both Defendants, filed as ECF Document No. 10.

7.      Upon information and belief, Defendants are each a corporate entity. As such, each Defendant is not a minor, not an incompetent person, and not subject to the Servicemembers Civil Relief Act, 50 U.S.C. § 521, or any related protections afforded to individuals in military service.

8.      As Defendants failed to appear in this action, despite service of the Summons and Complaint on each, Plaintiffs were not required to provide Defendants with notice of Plaintiffs' application for default judgment pursuant to F.R.C.P. 55(b)(2) and/or L.R. 55-1. Notwithstanding the foregoing, as Plaintiffs are seeking, among other relief, a monetary default judgment of compensatory or statutory damages, and treble damages thereon, concurrently upon filing of the Motion, my office shall provide Defendants with notice of the Motion by mail service to their respective registered agents for process of service.

9.      I am informed and believe that Plaintiffs are owed substantial monies stemming from Defendants' unauthorized use and exploitation of Plaintiffs' trademarks and right of publicity of Robbins. I am further informed and believe that Defendants are exclusively in control over the financial information necessary to ascertain the exact amounts owed to Plaintiffs. Accordingly, in order to determine the complete amount of Plaintiffs' damages resulting from Defendants' wrongdoing, Plaintiffs must be allowed to conduct a full and accurate accounting of Defendants' relevant books and records.

/ / /

/ / /

DECL. OF EVAN N. SPIEGEL ISO MTN FOR DEFAULT JUDGMENT      25cv01637

10.    The amount of Attorney's fees incurred in this action by Plaintiffs, to-date, and including conservatively estimated additional time and corresponding fees in advancement of the instant Motion through issuance of the proposed Judgement, is no less than One Hundred Forty-Six Thousand Six Hundred Seventy-Five Dollars ($146,675).  Lavely & Singer Profession Corporation has, for over 45 years, represented the most recognized and successful names in entertainment and business in the resolution and litigation of a broad range of entertainment industry and business disputes, including, but not limited to, contract breaches, business torts, intellectual property matters such as copyright infringement and trademark infringement and right of publicity, and unfair competition, fraud, financial audits, defamation and trade libel. Lavely & Singer's attorneys are routinely profiled in national publications and ranked as global leaders in media, entertainment and business litigation. Brian Wolf is a member/partner of Lavely & Singer PC, and has been practicing law as a civil litigator for over 40 years. For over 20+ years, Mr. Wolf has consistently been rated as "AV Preeminent" in the top one percent of all attorneys by Martindale-Hubbell, and recognized as America's Most Honored Lawyers by The American Registry, and Avvo Top Attorney Rating.  Mr. Wolf's billable rate on the instant matter and action is $950 per hour. Evan Spiegel is a member/partner of Lavely & Singer PC, and has been practicing law as a civil litigator for over 27 years. Mr. Spiegel has been recognized and named as a California "Super Lawyer", consistently since 2022. Mr. Spiegel has long been recognized for his knowledge and skills related to cyber-internet online rights and identity protection, having been invited to and served on CA Attorney General's Cyber-Exploitation Roundtable & Panel (2015), and Cyber Exploitation Working Group, and Education & Prevention Subcommittee (2015-16). Mr. Spiegel's billable rate on the instant matter and action is $825 per hour. Cesie Alvarez is an associate attorney of Lavely & Singer PC, admitted in both California and New York, and has been practicing law as a

4

civil litigator for over 9 years. Ms. Alvarez has been recognized and named as a "Best Lawyers: Ones to Watch in America" for her "exceptional work in Communications Law, Intellectual Property Law, Litigation - Intellectual Property, and Entertainment and Sports Law" (2021-2024), and as a New York "Super Lawyers: New York Metro Rising Star" (2020-2023). Ms. Alvarez's billable rate on the instant matter and action is $600 per hour. On the instant matter and action, in evidentiary investigation, documentation and advancement of the litigation, legal research, preparation and advancement of the Complaint, and preparation and advancement of Request for Default and the instant Motion for Default Judgment, (i) Mr. Wolf has sent not less than 35 hours x billable rate of $950 = 33,250; (ii) Mr. Spiegel has sent not less than 88 hours x billable rate of $825 = 72,600; and (iii) Ms. Alvarez has sent not less than 56 hours x billable rate of $600 = 33,600 -- for combined fees incurred of $139,450. In addition, we conservatively estimate not less than additional time and corresponding fees will be incurred in advancement of the instant Motion through issuance of the proposed Judgment, in the amount of $7,225 (comprised of Mr. Wolf 2hrs x $950 = $1,900; Mr. Spiegel 5hrs x $825 = $4,125; and Ms. Alvarez 2hrs x 600 = $1,200 = $7,225). The combined sum of incurred to-date and conservatively estimated additional fees to be incurred through issuance of Judgment equals not less than $146,675.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 3rd day of September 2025, in the County of Los Angeles, State of California.

_____
**EVAN N. SPIEGEL**

**EXHIBIT A**

# LAVELY & SINGER
### PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW
SUITE 2400

2049 CENTURY PARK EAST

LOS ANGELES, CALIFORNIA 90067-2906

TELEPHONE (310) 556-3501

FACSIMILE (310) 556-3615

www.LAVELYSINGER.com

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
PAUL N. SORRELL
MICHAEL E. WEINSTEN
EVAN N. SPIEGEL
ALLISON S. HART

T. WAYNE HARMAN
DAVID B. JONELIS
MELISSA Y. GLASS △+
KELSEY J. LEEKER
CESIE C. ALVAREZ △
MAX D. FABRICANT
MEGAN S. MALLONEE

△ ALSO ADMITTED IN NY
+ ALSO ADMITTED IN TX

## LEGAL NOTICE
## IMMEDIATE ATTENTION REQUIRED

March 31, 2025

**VIA EMAIL: support@yeschat.ai**

MIRA MUSE LLC
YESCHAT.AI
81807 E. County Road 22
Deer Trail, CO  80105

> Re:  **Tony Robbins / YesChat.ai**
> **(Violation of Cal. Civ. Code § 3344 / Trademark Infringement)**
> **Our File No. 1470-208**

Please Take Notice:

This office is litigation counsel on behalf of Anthony Robbins and his related companies, including Robbins Research International, Inc. ("RRI").  RRI is the sole and exclusive owner of all intellectual property and publicity rights on behalf of Anthony "Tony" Robbins, including the commercial rights to Mr. Robbins' name, and all copyrights and trademarks in and to the *Anthony Robbins'* name and brand.

It has come to our attention that on the website located at https://www.yeschat.ai/ ("YesChat.ai" or the "Website"), YesChat.ai offers subscribers several AI-powered chatbot replicas of Anthony "Tony" Robbins, promoted as a means of communicating with and receiving advice from an AI generated virtual chatbot of Mr. Robbins.  The AI chatbot replicas of Mr. Robbins are located at the following URLs:

1.  https://www.yeschat.ai/gpts-2OTogxlOvE-Tony-Robbins-GPT

2.  https://www.yeschat.ai/gpts-2OToO5C7wU-Coach-Tony

3.  https://www.yeschat.ai/gpts-2OToO8b2aQ-Tony-Robbins

p. 6

**EXHIBIT A**

MIRA MUSE LLC
YESCHAT.AI
Re:  **Tony Robbins / YesChat.ai**
March 31, 2025
Page 2

_____

4.      https://www.yeschat.ai/gpts-2OToXX1zxG-Tony-Robbins-Coachfully-AI

5.      https://www.yeschat.ai/gpts-9t557oxENu9-Coach-Tony

6.      https://www.yeschat.ai/gpts-ZxX4DtYa-Tony

7.      https://www.yeschat.ai/gpts-2OToc81H0t-Your-Personal-DWD-Guide

8.      https://www.yeschat.ai/gpts-9t55R6RziXz-Tony-Robbins-Espa%C3%B1ol-GPT

9.      https://www.yeschat.ai/gpts-9t55R6RziXy-Talk-To-Tony-Robbins

10.     https://www.yeschat.ai/gpts-2OToOBzg37-Tu-Coach-Para-El-%C3%89xito

11.     https://www.yeschat.ai/gpts-9t55QZcCKgR-Executive-Coach

The following are a few examples of the blatant commercial misappropriation and use of Mr. Robbins' well-known persona, brand and products presented by the chatbot replicas of Mr. Robbins accessible on the Website:

- The chatbot referenced as "*Your Personal DWD Guide - Tony Robbins DWD Coaching*" is promoted "as an interactive, digital coach for individuals attending or interested in Tony Robbins' Date With Destiny (DWD) program.  It combines the aspirational, motivational ethos of Robbins' teachings with practical, actionable advice . . . and "integrates principals from Robbins work".

- The chatbot referenced as "*Tony Robbins GPT - Personal Development Guide*" is promoted as embodying "the motivational and empowering style of renowned life coach Tony Robbins . . . . It leverages Tony Robbins' coaching frameworks, such as the Robbins-Madanes method and principles".

- The chatbot referenced as "*Tony - Coaching-Style AI Assistant*" is promoted as "drawing inspiration from Tony Robbins", including his use of neuro-linguistic programming, and claims that "Tony helps break it down into fundamental elements, offering insights using NLP for better self-awareness".

p. 7

**EXHIBIT A**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 3

---

- The chatbot referenced as "*Tony Robbins - AI Life Coaching*" is promoted as acknowledging that it incorporates and uses the "techniques of the real Tony Robbins" through an "AI-driven model designed to emulate his approach to personal development, leveraging techniques . . . .", and that the "model utilizes interactive dialogue, mirroring Tony Robbins' dynamic coaching style".

It is evident that the aforesaid AI generated chatbot replicas of Mr. Robbins copy, recreate and reproduce his unique advice, techniques and methodologies. YesChat.ai is not authorized to use, reproduce or publish in any manner any purported message from an AI chatbot or replica imitation of Mr. Robbins, nor otherwise copy, reproduce and publish his unique proprietary advice, teachings and methodologies. For the reasons stated below, YesChat.ai's conduct constitutes a blatant and illegal violation of California and U.S. laws.

**Accordingly, demand is hereby made that YesChat.ai immediately and permanently remove and cease and discontinue (i) all generation/creation, reproduction, use, display, posting or publication of any AI generated chatbot replica of Mr. Robbins, (ii) all use, reproduction, display and publication of Mr. Robbins' unique proprietary advice, techniques and methodologies, and (iii) all use, display and publication of Mr. Robbins' name in and from: (a) the YesChat.ai Website; (b) all social media postings, including Facebook, Instagram, TikTok, YouTube and X (formerly known as Twitter); and (c) any and all other advertisements and/or promotions of products and/or services offered by YesChat.ai. In addition, demand is hereby made that YesChat.ai delete, in their entirety, all pages accessed by the URLs listed above. Please confirm within 24 hours of receipt of this notice that YesChat.ai has and will fully comply with the aforesaid demands. Absent timely compliance, our office will take all action necessary and appropriate to protect and enforce our client's rights.**

1. The Reproduction and Publication of Mr. Robbins Unique Proprietary Advice, Techniques and Methodologies Constitutes Copyright Infringement

Under the *United States Copyright Act*, only "the owner of copyright . . . has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies . . . (2) prepare derivative works . . . [and] (3) to distribute copies . . . of the copyrighted work to the public . . . ." 17 U.S.C. § 106(1)-(3).

Here, by use of its software, YesChat.ai is reproducing and distributing RRI's copyright protected intellectual property without license or authority. YesChat.ai's acts constitute blatant and knowing copyright infringement. *See*, *e.g.*,, *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 275 F.Supp.2d 543, 576-

p. 8

**EXHIBIT A**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 4

77 (2003) (affirming summary judgment in favor of copyright owner where infringer digitally copied movie trailers and distributed the trailers to internet websites); *Microsoft Corp. v. Grey Computer*, 910 F.Supp. 1077, 1084 (D. Md. 1995) (holding that *Microsoft*, as owner of copyrighted material, had the exclusive right to limit the distribution chain of its products); *Gamma Audio & Video v. Ean-Chea*, 11 F.3d 1106, 1112-1113 (1st Cir. 1993) (affirming district court's finding that defendants infringed upon copyrights in the underlying works where they distributed videotapes containing images protected by plaintiff's registered copyrights; *Radji v. Khakbaz*, 607 F.Supp. 1296, 1299 (D.C.D.C. 1985) (holding that a copyright owner has exclusive right to control publication and display of his copyrighted works and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership). Significantly, the courts recognize the validity of copyright infringement claims over their unauthorized use and storage of copyrighted works in developing, maintaining, and exploiting AI software. *See Tremblay v. OpenAI, Inc.*, No. 23-CV-03223-AMO, 2024 WL 557720, at *2 (N.D. Cal. Feb. 12, 2024) (OpenAI failed to challenge the direct copyright infringement in its motion to dismiss; *Andersen v. Stability AI Ltd.*, No. 23-CV-00201-WHO, 2023 WL 7132064, at *5 (N.D. Cal. Oct. 30, 2023) (allowing a copyright infringement claim to proceed against AI company storing and using copyrighted works without permission to train its AI software).

RRI is the sole and exclusive owner of the copyrights in and to the RRI intellectual property ingested and copied by YesChat.ai. Accordingly, YesChat.ai is in direct violation of the Copyright Act. *Id.* § 501(a). Under the *Copyright Act*, a copyright owner may elect to recover, instead of actual damages and profits, an award of statutory damages of up to $150,000 per work willfully infringed. *Id.* § 504. As the Supreme Court has said, "The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes." *F.W. Woolworth v. Contemporary Arts*, 73 S.Ct. 222, 233 (1952); *Douglas v. Cunningham*, 294 U.S. 207, 210, 55 S.Ct. 365, 366 (1935). Practically speaking, this means that a plaintiff may recover an amount greater than those damages actually sustained without ever having to prove actual damages and profits. *See, e.g.*, *RSO Records, Inc. v. Peri*, 596 F.Supp. 849, 862 (S.D.N.Y. 1984) (plaintiffs failed to quantify damages but were entitled to maximum statutory damages for each work infringed); *Peer International Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1333 (9th Cir. 1990), *cert. denied* 498 U.S. 1109, 111 S.Ct. 1019 (1991) (affirming the trial court's award of the maximum amount of statutory damages per work). **Accordingly, YesChat.ai may be found liable for $150,000 for (i) each unauthorized copy and reproduction of RRI intellectual property ingested and copied by YesChat.ai's software, and (ii) each copy of content comprising RRI intellectual property distributed by YesChat.ai (to its users/subscribers) without license or authority from RRI.**

p. 9

**EXHIBIT A**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 5

Moreover, by facilitating the unauthorized reproduction and distribution of RRI's intellectual property and content, YesChat.ai may be found to be a contributory infringer and may be held vicariously liable for infringement of the copyrights in the RRI intellectual property.  One infringes contributorily by intentionally inducing or encouraging direct infringement and infringes vicariously by profiting from direct infringement while declining to exercise the right to stop or limit the infringement. *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 940, 943-44 (9th Cir. 2011) (affirming defendant website could be held liable for secondary copyright infringement where it "provid[ed] direct infringers with server space" and such servers were an "essential step in the infringement process").  These secondary liability doctrines, which emerged from common law principles, are well-established in the law of copyright.  *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 104 S. Ct. 774 (1984).  Applying such rules to online platforms allowing individual users to access and retrieve copyrighted works, the United States Supreme Court has held that operating this type of service constitutes copyright infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764 (2005); *see also A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019–24 (9th Cir. 2001).  Notably, such an online platform may not avail itself to safe harbor protections under the Digital Millennium Copyright Act ("DMCA") if it receives a financial benefit directly attributable to the infringing activity and has the right and ability to control such activity. *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1044 (9th Cir. 2013) (citing 17 U.S.C. § 512(c)(1)(B).

    2.    <u>The Unauthorized Commercial Use of Mr. Robbins' Name Violates California Civil  Code § 3344 and California's Common Law Right of Publicity</u>

YesChat.ai's creation of AI chatbot replicas of Mr. Robbins, including the prominent use of Mr. Robbins' name to advertise and promote its AI generated products and services, and to attract potential customers to subscribe to YesChat.ai's products and services, constitutes an unauthorized commercial exploitation in violation of my client's statutory and common law rights of publicity. *See* Cal. Civil Code § 3344. Civil Code § 3344(a) provides in relevant part that:

> "Any person who knowingly uses another's name . . . in any manner . . . or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent . . . shall be liable for any damages sustained by the person or persons injured as a result thereof." (Emphasis added).

**In addition, Section 3344 provides that the claimant may recover as additional damages "any profits from the unauthorized use" of the name . . . other publicity rights together with the recovery of all attorneys' fees and costs.**

p. 10

**EXHIBIT A**

MIRA MUSE LLC
YESCHAT.AI
Re:  **Tony Robbins / YesChat.ai**
March 31, 2025
Page 6

_____

Here, YesChat.ai is using Mr. Robbins' world-recognized name and brand without consent or authority, publishing AI chatbot replicas of Mr. Robbins.  In short, YesChat.ai is trading on Mr. Robbins' goodwill, brand and reputation for a commercial purpose, converting the potential economic value in Mr. Robbins' identity and his proprietary techniques and methodologies to YesChat.ai's advantage, which is illegal under U.S. and California laws.  As the court explained in *Eastwood v. Superior Court*, 149 Cal.App.3d 409, 420, 198 Cal.Rptr. 342 (1983): "Because of a celebrity's audience appeal, people respond almost automatically to a celebrity's name or picture."  *See also, Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1098 (9th Cir. 1992) (holding no error in the instructions given to the jury regarding plaintiff's claim that defendant misappropriated plaintiff's voice and image by deliberately imitating it).  Here, YesChat.ai has blatantly and unlawfully used my client's world-recognized persona, name, and brand as a "hook" to advertise and promote its services and products, thereby capitalizing on my client's famous persona for commercial gain.

Here, as YesChat.ai is undoubtedly aware, Mr. Robbins' name, image and brand are recognized throughout the world, and YesChat.ai intentionally and conspicuously exploited that world-wide recognition without Mr. Robbins' approval to sell its products and services, which will result in significant monetary damages against all owners and operators of the Website.

3.    The Unauthorized Use of Mr. Robbins' Trade Name On The Website Violates § 43(a) of the Federal Lanham Act

In addition to the foregoing liability for copyright infringement and misappropriation of Mr. Robbins' right of publicity, YesChat.ai's prominent and unauthorized commercial use of Mr. Robbins' name on the Website constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).[1]  Specifically, by the prominent use and display of Mr. Robbins' name on the Website, including various "Tony Robbins" AI chatbot replicas, YesChat.ai has violated § 1125(a) of the Lanham Act by falsely implying an endorsement, affiliation and association with Mr. Robbins.  The unauthorized use of our client's trade name falsely implies that Mr. Robbins endorses and sponsors YesChat.ai's business activities or that YesChat.ai is otherwise affiliated or associated with Mr. Robbins in some manner.  Any and all such statements, suggestions and implications are false and

_____

[1]  Section 43(a) of the Lanham Act (15 U.S.C. § 1125) provides in relevant part: "(1) Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, <u>false or misleading description of fact, or false or misleading representation of fact</u>, which (A) is likely to cause confusion, or to cause mistake, <u>or to  deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person</u> . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." (Emphasis added.)

p. 11

**EXHIBIT A**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 7

misleading.  Mr. Robbins does not endorse or sponsor the Website, YesChat.ai, or its business ventures, nor does YesChat.ai have any association or affiliation with Mr. Robbins, nor has he authorized YesChat.ai to use, post or reference his name  on the Website for any commercial purpose.

It is evident that YesChat.ai has sought to create a false impression that Mr. Robbins endorses or is affiliated with its business in order to lend credibility to YesChat.ai's business, and to attract potential customers to the Website to purchase the products and services sold thereon.  It goes without saying that the false and fraudulent "endorsement" by Mr. Robbins would cause consumer confusion as to Mr. Robbins' nonexistent endorsement of and affiliation with YesChat.ai's business venture and the Tony Robbins AI chatbot replicas, products and services sold by YesChat.ai.   Accordingly, YesChat.ai has violated the Lanham Act.  *See Chicago Lawyer, Ltd. v. Forty-Sixth Ward Regular Democratic Organization*, 220 U.S.P.Q. 511, 1982 WL 1283 (N.D. Ill. 1982) (plaintiff publisher had cause of action under Lanham Act where the defendant reprinted excerpts from plaintiff's publication so as falsely to imply plaintiff's endorsement and sponsorship of defendant's candidates); *Better Business Bureau of Metropolitan Houston, Inc. v. Medical Directors, Inc.*, 681 F.2d 397 (5th Cir. 1982) (Better Business Bureau had Lanham Act claim when weight reduction center used its name in its advertising, falsely implying that its program was endorsed by the Better Business Bureau).  **In this regard, YesChat.ai should be aware that Section 43(a) not only provides for injunctive relief but also for treble damages and disgorgement of profits in appropriate circumstances.  *See,* 15 U.S.C. §1117.**

Here, it is apparent that YesChat.ai has misappropriated and used Mr. Robbins' world-recognized identity and brand, and his false endorsement of YesChat.ai to deceive the public as to YesChat.ai's purported "affiliation, connection, or association" with Mr. Robbins and his purported "sponsorship or approval" of the AI generated products and services by YesChat.ai.  This is a classic example of a violation of the Lanham Act.

4.    YesChat.ai's Business Practice Constitutes a Violation of Unfair
Competition Laws

The aforesaid conduct engaged in by YesChat.ai also constitutes a violation of California's Unfair Competition Law ("UCL").  Cal. Bus. & Prof. Code § 17200 *et seq.*  It is well established that California's UCL "broadly prohibits any unlawful, unfair or fraudulent business act or practice."  *Puentes v. Wells Fargo Home Mortgage, Inc.*, 160 Cal.App.4th 638 (2008); *see also TYR Sport Inc. v. Warnaco Swimwear Inc.,* 679 F. Supp. 2d 1120, 1140–41 (C.D. Cal. 2009) (plaintiff's UCL and intentional interference claims could be brought on same facts as its Lanham Act false comparative advertising claim).  The UCL statute broadly defines "unfair competition" as including "any unlawful, unfair or fraudulent business act or

p. 12

**EXHIBIT A**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 8

_____

practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  Thus, the UCL has been found to prohibit "wrongful business conduct *in whatever context such activity might occur.*"  *People ex rel. City of Santa Monica v. Gabriel*, 186 Cal. App. 4th 882, 888 (2010).  Here, YesChat.ai will readily be found liable for violation of the UCL.

Accordingly, demand is hereby made that YesChat.ai immediately and permanently remove and cease and discontinue (i) all generation/creation, reproduction, use, display, posting or publication of any AI generated chatbot replica of Mr. Robbins, (ii) all use, reproduction, display and publication of Mr. Robbins' unique proprietary advice, techniques and methodologies, and (iii) all use, display and publication of Mr. Robbins' name in and from: (a) the YesChat.ai Website; (b) all social media postings, including Facebook, Instagram, TikTok, YouTube and X (formerly known as Twitter); and (c) any and all other advertisements and/or promotions of products and/or services offered by YesChat.ai.  In addition, demand is hereby made that YesChat.ai delete, in their entirety, all pages accessed by the URLs listed above.  **Please confirm within 24 hours of receipt of this notice that YesChat.ai has and will fully comply with the aforesaid demands.  Absent timely compliance, our office will take all action necessary and appropriate to protect and enforce our client's rights**.

I trust that YesChat.ai will give this matter immediate attention and fully comply with the aforesaid demands.

This letter is not intended to constitute a full statement of all facts and circumstances related to this matter, nor is it intended to be, nor should it be construed as, a waiver, release, or relinquishment of any rights or remedies available to my client, whether legal or equitable, all of which are hereby expressly reserved.

Very truly yours,

BRIAN G. WOLF
Of
LAVELY & SINGER
PROFESSIONAL CORPORATION

BGW/mj

cc:    Bruce Levine, Esq.

p. 13

**EXHIBIT A**

**EXHIBIT B**

**LAVELY & SINGER**
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
SUITE 2400
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-2906
TELEPHONE (310) 556-3501
FACSIMILE (310) 556-3615
www.LAVELYSINGER.com

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
PAUL N. SORRELL
MICHAEL E. WEINSTEN
EVAN N. SPIEGEL
ALLISON S. HART

T. WAYNE HARMAN
DAVID B. JONELIS
MELISSA Y. GLASS △
KELSEY J. LEEKER
CESIE C. ALVAREZ △
MAX D. FABRICANT
MEGAN S. MALLONEE

△ ALSO ADMITTED IN NY
♦ ALSO ADMITTED IN TX

<u>**LEGAL NOTICE**</u>
<u>**IMMEDIATE ATTENTION REQUIRED**</u>

May 21, 2025

<u>**VIA EMAIL: support@yeschat.ai**</u>
<u>**& FEDERAL EXPRESS**</u>

MIRA MUSE LLC
YESCHAT.AI
81807 E. County Road 22
Deer Trail, CO  80105

    **Re:**  **Tony Robbins / YesChat.ai**
        **(Violation of Cal. Civ. Code § 3344 / Trademark Infringement)**
        **Our File No. 1470-375**

Please Take Notice:

As of the time of the preparation of this letter, I have not yet received a response from Mira Muse LLC to my letter of March 31, 2025 concerning the unauthorized blatant and fraudulent use and publication of AI chatbot replicas of Anthony Robbins.  A copy of my letter of March 31, 2025 is attached for your convenience.

Demand is made that you confirm within 48 hours of your receipt of this letter that Mira Muse/YesChat.ai will immediately and permanently cease and discontinue all use, reproduction, display and publication of any and all Tony Robbins AI chatbot replicas, and otherwise fully comply with the additional demands set forth by my letter to you of March 31.

Absent your full and immediate compliance with the demands set forth by my letter to you of March 31, our office will commence a legal action against Mira Muse/YesChat.ai, including each of its principals, and all persons acting in concert with Mira Muse/YesChat.ai in the fraudulent creation, use and exploitation of Tony Robbins AI chatbots.  We will file that action in the state of California and seek recovery of all damages as a result of your illegal conduct, including without

p. 14

**EXHIBIT B**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
May 21, 2025
Page 2

limitation compensatory damages, punitive damages, statutory damages, and all
attorneys' fees and costs incurred in pursuing that action.

Please give this matter your immediate attention and confirm your
compliance with the aforesaid demands.

All rights, claims and remedies against Mira Muse/YesChat.ai, its principals,
and all persons and entities acting in concert with Mira Muse/YesChat.ai are
specifically reserved.

Very truly yours,

BRIAN G. WOLF
Of
LAVELY & SINGER
PROFESSIONAL CORPORATION

BGW/mj
Attach.

p. 15

**EXHIBIT B**

**LAVELY & SINGER**
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
SUITE 2400
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-2906
TELEPHONE (310) 556-3501
FACSIMILE (310) 556-3615
www.LAVELYSINGER.com

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
PAUL N. SORRELL
MICHAEL E. WEINSTEN
EVAN N. SPIEGEL
ALLISON S. HART

T. WAYNE HARMAN
DAVID B. JONELIS
MELISSA Y. GLASS ⸸
KELSEY J. LEEKER
CESIE C. ALVAREZ ⸸
MAX D. FABRICANT
MEGAN S. MALLONEE

⸸ ALSO ADMITTED IN NY
⸸ ALSO ADMITTED IN TX

## LEGAL NOTICE
## IMMEDIATE ATTENTION REQUIRED

March 31, 2025

**VIA EMAIL: support@yeschat.ai**

MIRA MUSE LLC
YESCHAT.AI
81807 E. County Road 22
Deer Trail, CO  80105

> **Re:** **Tony Robbins / YesChat.ai**
> **(Violation of Cal. Civ. Code § 3344 / Trademark Infringement)**
> **Our File No. 1470-208**

Please Take Notice:

This office is litigation counsel on behalf of Anthony Robbins and his related companies, including Robbins Research International, Inc. ("RRI").  RRI is the sole and exclusive owner of all intellectual property and publicity rights on behalf of Anthony "Tony" Robbins, including the commercial rights to Mr. Robbins' name, and all copyrights and trademarks in and to the *Anthony Robbins'* name and brand.

It has come to our attention that on the website located at https://www.yeschat.ai/ ("YesChat.ai" or the "Website"), YesChat.ai offers subscribers several AI-powered chatbot replicas of Anthony "Tony" Robbins, promoted as a means of communicating with and receiving advice from an AI generated virtual chatbot of Mr. Robbins.  The AI chatbot replicas of Mr. Robbins are located at the following URLs:

1. https://www.yeschat.ai/gpts-2OTogxlOvE-Tony-Robbins-GPT

2. https://www.yeschat.ai/gpts-2OToO5C7wU-Coach-Tony

3. https://www.yeschat.ai/gpts-2OToO8b2aQ-Tony-Robbins

p. 16

**EXHIBIT B**

MIRA MUSE LLC
YESCHAT.AI
Re:  **Tony Robbins / YesChat.ai**
March 31, 2025
Page 2

4.      https://www.yeschat.ai/gpts-2OToXX1zxG-Tony-Robbins-Coachfully-AI

5.      https://www.yeschat.ai/gpts-9t557oxENu9-Coach-Tony

6.      https://www.yeschat.ai/gpts-ZxX4DtYa-Tony

7.      https://www.yeschat.ai/gpts-2OToc81H0t-Your-Personal-DWD-Guide

8.      https://www.yeschat.ai/gpts-9t55R6RziXz-Tony-Robbins-Espa%C3%B1ol-GPT

9.      https://www.yeschat.ai/gpts-9t55R6RziXy-Talk-To-Tony-Robbins

10.     https://www.yeschat.ai/gpts-2OToOBzg37-Tu-Coach-Para-El-%C3%89xito

11.     https://www.yeschat.ai/gpts-9t55QZcCKgR-Executive-Coach

The following are a few examples of the blatant commercial misappropriation and use of Mr. Robbins' well-known persona, brand and products presented by the chatbot replicas of Mr. Robbins accessible on the Website:

- The chatbot referenced as "*Your Personal DWD Guide - Tony Robbins DWD Coaching*" is promoted "as an interactive, digital coach for individuals attending or interested in Tony Robbins' Date With Destiny (DWD) program.  It combines the aspirational, motivational ethos of Robbins' teachings with practical, actionable advice . . . and "integrates principals from Robbins work".

- The chatbot referenced as "*Tony Robbins GPT - Personal Development Guide*" is promoted as embodying "the motivational and empowering style of renowned life coach Tony Robbins . . . . It leverages Tony Robbins' coaching frameworks, such as the Robbins-Madanes method and principles".

- The chatbot referenced as "*Tony - Coaching-Style AI Assistant*" is promoted as "drawing inspiration from Tony Robbins", including his use of neuro-linguistic programming, and claims that "Tony helps break it down into fundamental elements, offering insights using NLP for better self-awareness".

p. 17

**EXHIBIT B**

Case 3:25-cv-01637-GPC-DEB    Document 12-3    Filed 09/03/25    PageID.189    Page
21 of 53

MIRA MUSE LLC
YESCHAT.AI
Re:  **Tony Robbins / YesChat.ai**
March 31, 2025
Page 3

---

- The chatbot referenced as "*Tony Robbins - AI Life Coaching*" is promoted as acknowledging that it incorporates and uses the "techniques of the real Tony Robbins" through an "AI-driven model designed to emulate his approach to personal development, leveraging techniques . . . .", and that the "model utilizes interactive dialogue, mirroring Tony Robbins' dynamic coaching style".

It is evident that the aforesaid AI generated chatbot replicas of Mr. Robbins copy, recreate and reproduce his unique advice, techniques and methodologies. YesChat.ai is not authorized to use, reproduce or publish in any manner any purported message from an AI chatbot or replica imitation of Mr. Robbins, nor otherwise copy, reproduce and publish his unique proprietary advice, teachings and methodologies.   For the reasons stated below, YesChat.ai's conduct constitutes a blatant and illegal violation of California and U.S. laws.

**Accordingly, demand is hereby made that YesChat.ai immediately and permanently remove and cease and discontinue (i) all generation/creation, reproduction, use, display, posting or publication of any AI generated chatbot replica of Mr. Robbins, (ii) all use, reproduction, display and publication of Mr. Robbins' unique proprietary advice, techniques and methodologies, and (iii) all use, display and publication of Mr. Robbins' name in and from: (a) the YesChat.ai Website; (b) all social media postings, including Facebook, Instagram, TikTok, YouTube and X (formerly known as Twitter); and (c) any and all other advertisements and/or promotions of products and/or services offered by YesChat.ai.  In addition, demand is hereby made that YesChat.ai delete, in their entirety, all pages accessed by the URLs listed above.  Please confirm within 24 hours of receipt of this notice that YesChat.ai has and will fully comply with the aforesaid demands. Absent timely compliance, our office will take all action necessary and appropriate to protect and enforce our client's rights.**

1.  <u>The Reproduction and Publication of Mr. Robbins Unique Proprietary Advice, Techniques and Methodologies Constitutes Copyright Infringement</u>

Under the *United States Copyright Act*, only "the owner of copyright . . . has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies . . . (2) prepare derivative works . . . [and] (3) to distribute copies . . . of the copyrighted work to the public . . . ." 17 U.S.C. § 106(1)-(3).

Here, by use of its software, YesChat.ai is reproducing and distributing RRI's copyright protected intellectual property without license or authority.  YesChat.ai's acts constitute blatant and knowing copyright infringement. *See, e.g.,, Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 275 F.Supp.2d 543, 576-

p. 18

**EXHIBIT B**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 4

---

77 (2003) (affirming summary judgment in favor of copyright owner where infringer digitally copied movie trailers and distributed the trailers to internet websites); *Microsoft Corp. v. Grey Computer*, 910 F.Supp. 1077, 1084 (D. Md. 1995) (holding that *Microsoft*, as owner of copyrighted material, had the exclusive right to limit the distribution chain of its products); *Gamma Audio & Video v. Ean-Chea*, 11 F.3d 1106, 1112-1113 (1st Cir. 1993) (affirming district court's finding that defendants infringed upon copyrights in the underlying works where they distributed videotapes containing images protected by plaintiff's registered copyrights; *Radji v. Khakbaz*, 607 F.Supp. 1296, 1299 (D.C.D.C. 1985) (holding that a copyright owner has exclusive right to control publication and display of his copyrighted works and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership). Significantly, the courts recognize the validity of copyright infringement claims over their unauthorized use and storage of copyrighted works in developing, maintaining, and exploiting AI software. *See Tremblay v. OpenAI, Inc.*, No. 23-CV-03223-AMO, 2024 WL 557720, at *2 (N.D. Cal. Feb. 12, 2024) (OpenAI failed to challenge the direct copyright infringement in its motion to dismiss; *Andersen v. Stability AI Ltd.*, No. 23-CV-00201-WHO, 2023 WL 7132064, at *5 (N.D. Cal. Oct. 30, 2023) (allowing a copyright infringement claim to proceed against AI company storing and using copyrighted works without permission to train its AI software).

RRI is the sole and exclusive owner of the copyrights in and to the RRI intellectual property ingested and copied by YesChat.ai. Accordingly, YesChat.ai is in direct violation of the Copyright Act. *Id.* § 501(a). Under the *Copyright Act*, a copyright owner may elect to recover, instead of actual damages and profits, an award of statutory damages of up to $150,000 per work willfully infringed. *Id.* § 504. As the Supreme Court has said, "The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes." *F.W. Woolworth v. Contemporary Arts*, 73 S.Ct. 222, 233 (1952); *Douglas v. Cunningham*, 294 U.S. 207, 210, 55 S.Ct. 365, 366 (1935). Practically speaking, this means that a plaintiff may recover an amount greater than those damages actually sustained without ever having to prove actual damages and profits. *See, e.g., RSO Records, Inc. v. Peri*, 596 F.Supp. 849, 862 (S.D.N.Y. 1984) (plaintiffs failed to quantify damages but were entitled to maximum statutory damages for each work infringed); *Peer International Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1333 (9th Cir. 1990), *cert. denied* 498 U.S. 1109, 111 S.Ct. 1019 (1991) (affirming the trial court's award of the maximum amount of statutory damages per work). **Accordingly, YesChat.ai may be found liable for $150,000 for (i) each unauthorized copy and reproduction of RRI intellectual property ingested and copied by YesChat.ai's software, and (ii) each copy of content comprising RRI intellectual property distributed by YesChat.ai (to its users/subscribers) without license or authority from RRI.**

p. 19

**EXHIBIT B**

MIRA MUSE LLC
YESCHAT.AI
Re:  **Tony Robbins / YesChat.ai**
March 31, 2025
Page 5

_____

Moreover, by facilitating the unauthorized reproduction and distribution of RRI's intellectual property and content, YesChat.ai may be found to be a contributory infringer and may be held vicariously liable for infringement of the copyrights in the RRI intellectual property.  One infringes contributorily by intentionally inducing or encouraging direct infringement and infringes vicariously by profiting from direct infringement while declining to exercise the right to stop or limit the infringement.  *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 940, 943-44 (9th Cir. 2011) (affirming defendant website could be held liable for secondary copyright infringement where it "provid[ed] direct infringers with server space" and such servers were an "essential step in the infringement process").  These secondary liability doctrines, which emerged from common law principles, are well-established in the law of copyright.  *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 104 S. Ct. 774 (1984).  Applying such rules to online platforms allowing individual users to access and retrieve copyrighted works, the United States Supreme Court has held that operating this type of service constitutes copyright infringement.  *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764 (2005); *see also A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019–24 (9th Cir. 2001).  Notably, such  an online platform may not avail itself to safe harbor protections under the Digital Millennium Copyright Act ("DMCA") if it receives a financial benefit directly attributable to the infringing activity and has the right and ability to control such activity.  *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1044 (9th Cir. 2013) (citing 17 U.S.C. § 512(c)(1)(B).

2.    The Unauthorized Commercial Use of Mr. Robbins' Name Violates California Civil  Code § 3344 and California's Common Law Right of Publicity

YesChat.ai's creation of AI chatbot replicas of Mr. Robbins, including the prominent use of Mr. Robbins' name to advertise and promote its AI generated products and services, and to attract potential customers to subscribe to YesChat.ai's products and services, constitutes an unauthorized commercial exploitation in violation of my client's statutory and common law rights of publicity. *See* Cal. Civil Code § 3344. Civil Code § 3344(a) provides in relevant part that:

"Any person who knowingly uses another's name . . . in any manner . . . or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent . . . shall be liable for any damages sustained by the person or persons injured as a result thereof." (Emphasis added).

**In addition, Section 3344 provides that the claimant may recover as additional damages "any profits from the unauthorized use" of the name . . . other publicity rights together with the recovery of all attorneys' fees and costs.**

p. 20

**EXHIBIT B**

MIRA MUSE LLC
YESCHAT.AI
Re:  **Tony Robbins / YesChat.ai**
March 31, 2025
Page 6

_____

Here, YesChat.ai is using Mr. Robbins' world-recognized name and brand without consent or authority, publishing AI chatbot replicas of Mr. Robbins.  In short, YesChat.ai is trading on Mr. Robbins' goodwill, brand and reputation for a commercial purpose, converting the potential economic value in Mr. Robbins' identity and his proprietary techniques and methodologies to YesChat.ai's advantage, which is illegal under U.S. and California laws.  As the court explained in *Eastwood v. Superior Court*, 149 Cal.App.3d 409, 420, 198 Cal.Rptr. 342 (1983): "Because of a celebrity's audience appeal, people respond almost automatically to a celebrity's name or picture."  *See also, Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1098 (9th Cir. 1992) (holding no error in the instructions given to the jury regarding plaintiff's claim that defendant misappropriated plaintiff's voice and image by deliberately imitating it).  Here, YesChat.ai has blatantly and unlawfully used my client's world-recognized persona, name, and brand as a "hook" to advertise and promote its services and products, thereby capitalizing on my client's famous persona for commercial gain.

Here, as YesChat.ai is undoubtedly aware, Mr. Robbins' name, image and brand are recognized throughout the world, and YesChat.ai intentionally and conspicuously exploited that world-wide recognition without Mr. Robbins' approval to sell its products and services, which will result in significant monetary damages against all owners and operators of the Website.

3.    The Unauthorized Use of Mr. Robbins' Trade Name On The Website Violates § 43(a) of the Federal Lanham Act

In addition to the foregoing liability for copyright infringement and misappropriation of Mr. Robbins' right of publicity, YesChat.ai's prominent and unauthorized commercial use of Mr. Robbins' name on the Website constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).[1]  Specifically, by the prominent use and display of Mr. Robbins' name on the Website, including various "Tony Robbins" AI chatbot replicas, YesChat.ai has violated § 1125(a) of the Lanham Act by falsely implying an endorsement, affiliation and association with Mr. Robbins.  The unauthorized use of our client's trade name falsely implies that Mr. Robbins endorses and sponsors YesChat.ai's business activities or that YesChat.ai is otherwise affiliated or associated with Mr. Robbins in some manner.  Any and all such statements, suggestions and implications are false and

_____

[1]  Section 43(a) of the Lanham Act (15 U.S.C. § 1125) provides in relevant part: "(1) Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, <u>false or misleading description of fact, or false or misleading representation of fact</u>, which (A) is likely to cause confusion, or to cause mistake, <u>or to  deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person</u> . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." (Emphasis added.)

p. 21

**EXHIBIT B**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 7

misleading.  Mr. Robbins does not endorse or sponsor the Website, YesChat.ai, or its business ventures, nor does YesChat.ai have any association or affiliation with Mr. Robbins, nor has he authorized YesChat.ai to use, post or reference his name  on the Website for any commercial purpose.

It is evident that YesChat.ai has sought to create a false impression that Mr. Robbins endorses or is affiliated with its business in order to lend credibility to YesChat.ai's business, and to attract potential customers to the Website to purchase the products and services sold thereon.  It goes without saying that the false and fraudulent "endorsement" by Mr. Robbins would cause consumer confusion as to Mr. Robbins' nonexistent endorsement of and affiliation with YesChat.ai's business venture and the Tony Robbins AI chatbot replicas, products and services sold by YesChat.ai.   Accordingly, YesChat.ai has violated the Lanham Act.  *See Chicago Lawyer, Ltd. v. Forty-Sixth Ward Regular Democratic Organization*, 220 U.S.P.Q. 511, 1982 WL 1283 (N.D. Ill. 1982) (plaintiff publisher had cause of action under Lanham Act where the defendant reprinted excerpts from plaintiff's publication so as falsely to imply plaintiff's endorsement and sponsorship of defendant's candidates); *Better Business Bureau of Metropolitan Houston, Inc. v. Medical Directors, Inc.*, 681 F.2d 397 (5th Cir. 1982) (Better Business Bureau had Lanham Act claim when weight reduction center used its name in its advertising, falsely implying that its program was endorsed by the Better Business Bureau).  **In this regard, YesChat.ai should be aware that Section 43(a) not only provides for injunctive relief but also for treble damages and disgorgement of profits in appropriate circumstances.** ***See,*** **15 U.S.C. §1117.**

Here, it is apparent that YesChat.ai has misappropriated and used Mr. Robbins' world-recognized identity and brand, and his false endorsement of YesChat.ai to deceive the public as to YesChat.ai's purported "affiliation, connection, or association" with Mr. Robbins and his purported "sponsorship or approval" of the AI generated products and services by YesChat.ai.  This is a classic example of a violation of the Lanham Act.

4.    <u>YesChat.ai's Business Practice Constitutes a Violation of Unfair Competition Laws</u>

The aforesaid conduct engaged in by YesChat.ai also constitutes a violation of California's Unfair Competition Law ("UCL").  Cal. Bus. & Prof. Code § 17200 *et seq*.  It is well established that California's UCL "broadly prohibits any unlawful, unfair or fraudulent business act or practice."  *Puentes v. Wells Fargo Home Mortgage, Inc.*, 160 Cal.App.4th 638 (2008); *see also TYR Sport Inc. v. Warnaco Swimwear Inc.,* 679 F. Supp. 2d 1120, 1140–41 (C.D. Cal. 2009) (plaintiff's UCL and intentional interference claims could be brought on same facts as its Lanham Act false comparative advertising claim).  The UCL statute broadly defines "unfair competition" as including "any unlawful, unfair or fraudulent business act or

p. 22

**EXHIBIT B**

MIRA MUSE LLC
YESCHAT.AI
Re:  <u>Tony Robbins / YesChat.ai</u>
March 31, 2025
Page 8

_____

practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof.
Code § 17200.  Thus, the UCL has been found to prohibit "wrongful business
conduct *in whatever context such activity might occur.*"  *People ex rel. City of Santa
Monica v. Gabriel*, 186 Cal. App. 4th 882, 888 (2010).  Here, YesChat.ai will readily
be found liable for violation of the UCL.

        Accordingly, demand is hereby made that YesChat.ai immediately and
permanently remove and cease and discontinue (i) all generation/creation,
reproduction, use, display, posting or publication of any AI generated chatbot
replica of Mr. Robbins, (ii) all use, reproduction, display and publication of Mr.
Robbins' unique proprietary advice, techniques and methodologies, and (iii) all
use, display and publication of Mr. Robbins' name in and from: (a) the YesChat.ai
Website; (b) all social media postings, including Facebook, Instagram, TikTok,
YouTube and X (formerly known as Twitter); and (c) any and all other
advertisements and/or promotions of products and/or services offered by
YesChat.ai.  In addition, demand is hereby made that YesChat.ai delete, in their
entirety, all pages accessed by the URLs listed above.  **Please confirm within 24
hours of receipt of this notice that YesChat.ai has and will fully comply with
the aforesaid demands.  Absent timely compliance, our office will take all
action necessary and appropriate to protect and enforce our client's rights**.

        I trust that YesChat.ai will give this matter immediate attention and fully
comply with the aforesaid demands.

        This letter is not intended to constitute a full statement of all facts and
circumstances related to this matter, nor is it intended to be, nor should it be
construed as, a waiver, release, or relinquishment of any rights or remedies
available to my client, whether legal or equitable, all of which are hereby expressly
reserved.

                        Very truly yours,

                        BRIAN G. WOLF
                            Of
                        LAVELY & SINGER
                        PROFESSIONAL CORPORATION

BGW/mj

cc:   Bruce Levine, Esq.

                                                p. 23

                                        **EXHIBIT B**

**EXHIBIT C**

## LAVELY & SINGER
### PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW
SUITE 2400
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-2906
TELEPHONE (310) 556-3501
FACSIMILE (310) 556-3615
www.LAVELYSINGER.com

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
PAUL N. SORRELL
MICHAEL E. WEINSTEN
EVAN N. SPIEGEL
ALLISON S. HART

T. WAYNE HARMAN
DAVID B. JONELIS
MELISSA Y. GLASS ₂
KELSEY J. LEEKER
CESIE C. ALVAREZ ₂
MAX D. FABRICANT
MEGAN S. MALLONEE

₂ ALSO ADMITTED IN NY
₄ ALSO ADMITTED IN TX

## <u>LEGAL NOTICE</u>
## <u>IMMEDIATE ATTENTION REQUIRED</u>

May 28, 2025

**<u>VIA EMAIL: support@yescribe.ai</u>**
**<u>& FEDERAL EXPRESS</u>**

INNOLEAP AI LLC
YESCHAT.AI
30 N Gould Street, Suite N
Sheridan, WY 82801

      Re:   <u>Tony Robbins / YesChat.ai</u>
            <u>Our File No. 1470-375</u>

Please Take Notice:

    This firm is litigation counsel on behalf of Anthony Robbins and his related companies, including Robbins Research International, Inc. ("RRI"). We are informed that InnoLeap AI LLC ("InnoLeap") is affiliated with Mira Muse LLC and YesChat.ai.

    Enclosed are copies of demand letters sent by office to Mira Muse LLC/YesChat.ai dated March 31, 2025 and May 21, 2025 concerning the fraudulent use and publication of AI chatbot replicas of Mr. Robbins posted on the YesChat.ai website located at https://www.yeschat.ai/. As of today, Mira Muse/YesChat.ai have failed to respond to the attached demand letters or otherwise remove and delete all Robbins AI chatbot replicas from the website.

    Please give this matter your immediate attention and confirm that the demands set forth by my letters of May 21, 2025 and March 31, 2025 will be immediately and fully complied with.

p. 24

**EXHIBIT C**

INNOLEAP AI LLC
YESCHAT.AI
Re:  **Tony Robbins / YesChat.ai**
May 28, 2025
Page 2

---

All rights, claims and remedies on behalf of our clients are reserved.

Very truly yours,

BRIAN G. WOLF
Of
LAVELY & SINGER
PROFESSIONAL CORPORATION

BGW/mj
Attach.

p. 25

**EXHIBIT C**

# LAVELY & SINGER

**PROFESSIONAL CORPORATION**

**ATTORNEYS AT LAW**

SUITE 2400

2049 CENTURY PARK EAST

LOS ANGELES, CALIFORNIA 90067-2906

TELEPHONE (310) 556-3501

FACSIMILE (310) 556-3615

www.LAVELYSINGER.com

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
PAUL N. SORRELL
MICHAEL E. WEINSTEN
EVAN N. SPIEGEL
ALLISON S. HART

T. WAYNE HARMAN
DAVID B. JONELIS
MELISSA Y. GLASS △+
KELSEY J. LEEKER
CESIE C. ALVAREZ △
MAX D. FABRICANT
MEGAN S. MALLONEE

△ ALSO ADMITTED IN NY
+ ALSO ADMITTED IN TX

## LEGAL NOTICE
## IMMEDIATE ATTENTION REQUIRED

March 31, 2025

**VIA EMAIL: support@yeschat.ai**

MIRA MUSE LLC
YESCHAT.AI
81807 E. County Road 22
Deer Trail, CO 80105

>       **Re:    Tony Robbins / YesChat.ai**
>            **(Violation of Cal. Civ. Code § 3344 / Trademark Infringement)**
>            **Our File No. 1470-208**

Please Take Notice:

This office is litigation counsel on behalf of Anthony Robbins and his related companies, including Robbins Research International, Inc. ("RRI"). RRI is the sole and exclusive owner of all intellectual property and publicity rights on behalf of Anthony "Tony" Robbins, including the commercial rights to Mr. Robbins' name, and all copyrights and trademarks in and to the *Anthony Robbins'* name and brand.

It has come to our attention that on the website located at https://www.yeschat.ai/ ("YesChat.ai" or the "Website"), YesChat.ai offers subscribers several AI-powered chatbot replicas of Anthony "Tony" Robbins, promoted as a means of communicating with and receiving advice from an AI generated virtual chatbot of Mr. Robbins. The AI chatbot replicas of Mr. Robbins are located at the following URLs:

1.   https://www.yeschat.ai/gpts-2OTogxlOvE-Tony-Robbins-GPT

2.   https://www.yeschat.ai/gpts-2OToO5C7wU-Coach-Tony

3.   https://www.yeschat.ai/gpts-2OToO8b2aQ-Tony-Robbins

p. 26

**EXHIBIT C**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 2

    4.     https://www.yeschat.ai/gpts-2OToXX1zxG-Tony-Robbins-Coachfully-AI

    5.     https://www.yeschat.ai/gpts-9t557oxENu9-Coach-Tony

    6.     https://www.yeschat.ai/gpts-ZxX4DtYa-Tony

    7.     https://www.yeschat.ai/gpts-2OToc81H0t-Your-Personal-DWD-Guide

    8.     https://www.yeschat.ai/gpts-9t55R6RziXz-Tony-Robbins-Espa%C3%B1ol-GPT

    9.     https://www.yeschat.ai/gpts-9t55R6RziXy-Talk-To-Tony-Robbins

    10.    https://www.yeschat.ai/gpts-2OToOBzg37-Tu-Coach-Para-El-%C3%89xito

    11.    https://www.yeschat.ai/gpts-9t55QZcCKgR-Executive-Coach

The following are a few examples of the blatant commercial misappropriation and use of Mr. Robbins' well-known persona, brand and products presented by the chatbot replicas of Mr. Robbins accessible on the Website:

- The chatbot referenced as "*Your Personal DWD Guide - Tony Robbins DWD Coaching*" is promoted "as an interactive, digital coach for individuals attending or interested in Tony Robbins' Date With Destiny (DWD) program. It combines the aspirational, motivational ethos of Robbins' teachings with practical, actionable advice . . . and "integrates principals from Robbins work".

- The chatbot referenced as "*Tony Robbins GPT - Personal Development Guide*" is promoted as embodying "the motivational and empowering style of renowned life coach Tony Robbins . . . . It leverages Tony Robbins' coaching frameworks, such as the Robbins-Madanes method and principles".

- The chatbot referenced as "*Tony - Coaching-Style AI Assistant*" is promoted as "drawing inspiration from Tony Robbins", including his use of neuro-linguistic programming, and claims that "Tony helps break it down into fundamental elements, offering insights using NLP for better self-awareness".

**EXHIBIT C**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 3

---

- The chatbot referenced as "*Tony Robbins - AI Life Coaching*" is promoted as acknowledging that it incorporates and uses the "techniques of the real Tony Robbins" through an "AI-driven model designed to emulate his approach to personal development, leveraging techniques . . . .", and that the "model utilizes interactive dialogue, mirroring Tony Robbins' dynamic coaching style".

It is evident that the aforesaid AI generated chatbot replicas of Mr. Robbins copy, recreate and reproduce his unique advice, techniques and methodologies. YesChat.ai is not authorized to use, reproduce or publish in any manner any purported message from an AI chatbot or replica imitation of Mr. Robbins, nor otherwise copy, reproduce and publish his unique proprietary advice, teachings and methodologies.  For the reasons stated below, YesChat.ai's conduct constitutes a blatant and illegal violation of California and U.S. laws.

**Accordingly, demand is hereby made that YesChat.ai immediately and permanently remove and cease and discontinue (i) all generation/creation, reproduction, use, display, posting or publication of any AI generated chatbot replica of Mr. Robbins, (ii) all use, reproduction, display and publication of Mr. Robbins' unique proprietary advice, techniques and methodologies, and (iii) all use, display and publication of Mr. Robbins' name in and from: (a) the YesChat.ai Website; (b) all social media postings, including Facebook, Instagram, TikTok, YouTube and X (formerly known as Twitter); and (c) any and all other advertisements and/or promotions of products and/or services offered by YesChat.ai.  In addition, demand is hereby made that YesChat.ai delete, in their entirety, all pages accessed by the URLs listed above.  Please confirm within 24 hours of receipt of this notice that YesChat.ai has and will fully comply with the aforesaid demands. Absent timely compliance, our office will take all action necessary and appropriate to protect and enforce our client's rights.**

1.   The Reproduction and Publication of Mr. Robbins Unique Proprietary Advice, Techniques and Methodologies Constitutes Copyright Infringement

Under the *United States Copyright Act*, only "the owner of copyright . . . has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies . . . (2) prepare derivative works . . . [and] (3) to distribute copies . . . of the copyrighted work to the public . . . ." 17 U.S.C. § 106(1)-(3).

Here, by use of its software, YesChat.ai is reproducing and distributing RRI's copyright protected intellectual property without license or authority.  YesChat.ai's acts constitute blatant and knowing copyright infringement. *See*, *e.g.*,, *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 275 F.Supp.2d 543, 576-

p. 28

**EXHIBIT C**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 4

77 (2003) (affirming summary judgment in favor of copyright owner where infringer digitally copied movie trailers and distributed the trailers to internet websites); *Microsoft Corp. v. Grey Computer*, 910 F.Supp. 1077, 1084 (D. Md. 1995) (holding that *Microsoft*, as owner of copyrighted material, had the exclusive right to limit the distribution chain of its products); *Gamma Audio & Video v. Ean-Chea*, 11 F.3d 1106, 1112-1113 (1st Cir. 1993) (affirming district court's finding that defendants infringed upon copyrights in the underlying works where they distributed videotapes containing images protected by plaintiff's registered copyrights; *Radji v. Khakbaz*, 607 F.Supp. 1296, 1299 (D.C.D.C. 1985) (holding that a copyright owner has exclusive right to control publication and display of his copyrighted works and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership). Significantly, the courts recognize the validity of copyright infringement claims over their unauthorized use and storage of copyrighted works in developing, maintaining, and exploiting AI software. *See Tremblay v. OpenAI, Inc.*, No. 23-CV-03223-AMO, 2024 WL 557720, at *2 (N.D. Cal. Feb. 12, 2024) (OpenAI failed to challenge the direct copyright infringement in its motion to dismiss; *Andersen v. Stability AI Ltd.*, No. 23-CV-00201-WHO, 2023 WL 7132064, at *5 (N.D. Cal. Oct. 30, 2023) (allowing a copyright infringement claim to proceed against AI company storing and using copyrighted works without permission to train its AI software).

RRI is the sole and exclusive owner of the copyrights in and to the RRI intellectual property ingested and copied by YesChat.ai. Accordingly, YesChat.ai is in direct violation of the Copyright Act. *Id.* § 501(a). Under the *Copyright Act*, a copyright owner may elect to recover, instead of actual damages and profits, an award of statutory damages of up to $150,000 per work willfully infringed. *Id.* § 504. As the Supreme Court has said, "The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes." *F.W. Woolworth v. Contemporary Arts*, 73 S.Ct. 222, 233 (1952); *Douglas v. Cunningham*, 294 U.S. 207, 210, 55 S.Ct. 365, 366 (1935). Practically speaking, this means that a plaintiff may recover an amount greater than those damages actually sustained without ever having to prove actual damages and profits. *See, e.g.*, *RSO Records, Inc. v. Peri*, 596 F.Supp. 849, 862 (S.D.N.Y. 1984) (plaintiffs failed to quantify damages but were entitled to maximum statutory damages for each work infringed); *Peer International Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1333 (9th Cir. 1990), *cert. denied* 498 U.S. 1109, 111 S.Ct. 1019 (1991) (affirming the trial court's award of the maximum amount of statutory damages per work). **Accordingly, YesChat.ai may be found liable for $150,000 for (i) each unauthorized copy and reproduction of RRI intellectual property ingested and copied by YesChat.ai's software, and (ii) each copy of content comprising RRI intellectual property distributed by YesChat.ai (to its users/subscribers) without license or authority from RRI.**

p. 29

**EXHIBIT C**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 5

_____

Moreover, by facilitating the unauthorized reproduction and distribution of RRI's intellectual property and content, YesChat.ai may be found to be a contributory infringer and may be held vicariously liable for infringement of the copyrights in the RRI intellectual property.  One infringes contributorily by intentionally inducing or encouraging direct infringement and infringes vicariously by profiting from direct infringement while declining to exercise the right to stop or limit the infringement. *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 940, 943-44 (9th Cir. 2011) (affirming defendant website could be held liable for secondary copyright infringement where it "provid[ed] direct infringers with server space" and such servers were an "essential step in the infringement process").  These secondary liability doctrines, which emerged from common law principles, are well-established in the law of copyright.  *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 104 S. Ct. 774 (1984).  Applying such rules to online platforms allowing individual users to access and retrieve copyrighted works, the United States Supreme Court has held that operating this type of service constitutes copyright infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764 (2005); *see also A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019–24 (9th Cir. 2001).  Notably, such  an online platform may not avail itself to safe harbor protections under the Digital Millennium Copyright Act ("DMCA") if it receives a financial benefit directly attributable to the infringing activity and has the right and ability to control such activity. *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1044 (9th Cir. 2013) (citing 17 U.S.C. § 512(c)(1)(B).

    2.    <u>The Unauthorized Commercial Use of Mr. Robbins' Name Violates California Civil  Code § 3344 and California's Common Law Right of Publicity</u>

YesChat.ai's creation of AI chatbot replicas of Mr. Robbins, including the prominent use of Mr. Robbins' name to advertise and promote its AI generated products and services, and to attract potential customers to subscribe to YesChat.ai's products and services, constitutes an unauthorized commercial exploitation in violation of my client's statutory and common law rights of publicity. *See* Cal. Civil Code § 3344. Civil Code § 3344(a) provides in relevant part that:

> "Any person who knowingly uses another's name . . . in any manner . . . or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent . . . shall be liable for any damages sustained by the person or persons injured as a result thereof." (Emphasis added).

**In addition, Section 3344 provides that the claimant may recover as additional damages "any profits from the unauthorized use" of the name . . . other publicity rights together with the recovery of all attorneys' fees and costs.**

p. 30

**EXHIBIT C**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 6

_____

Here, YesChat.ai is using Mr. Robbins' world-recognized name and brand without consent or authority, publishing AI chatbot replicas of Mr. Robbins. In short, YesChat.ai is trading on Mr. Robbins' goodwill, brand and reputation for a commercial purpose, converting the potential economic value in Mr. Robbins' identity and his proprietary techniques and methodologies to YesChat.ai's advantage, which is illegal under U.S. and California laws. As the court explained in *Eastwood v. Superior Court*, 149 Cal.App.3d 409, 420, 198 Cal.Rptr. 342 (1983): "Because of a celebrity's audience appeal, people respond almost automatically to a celebrity's name or picture." *See also, Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1098 (9th Cir. 1992) (holding no error in the instructions given to the jury regarding plaintiff's claim that defendant misappropriated plaintiff's voice and image by deliberately imitating it). Here, YesChat.ai has blatantly and unlawfully used my client's world-recognized persona, name, and brand as a "hook" to advertise and promote its services and products, thereby capitalizing on my client's famous persona for commercial gain.

Here, as YesChat.ai is undoubtedly aware, Mr. Robbins' name, image and brand are recognized throughout the world, and YesChat.ai intentionally and conspicuously exploited that world-wide recognition without Mr. Robbins' approval to sell its products and services, which will result in significant monetary damages against all owners and operators of the Website.

    3.    <u>The Unauthorized Use of Mr. Robbins' Trade Name On The Website Violates § 43(a) of the Federal Lanham Act</u>

In addition to the foregoing liability for copyright infringement and misappropriation of Mr. Robbins' right of publicity, YesChat.ai's prominent and unauthorized commercial use of Mr. Robbins' name on the Website constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).[1] Specifically, by the prominent use and display of Mr. Robbins' name on the Website, including various "Tony Robbins" AI chatbot replicas, YesChat.ai has violated § 1125(a) of the Lanham Act by falsely implying an endorsement, affiliation and association with Mr. Robbins. The unauthorized use of our client's trade name falsely implies that Mr. Robbins endorses and sponsors YesChat.ai's business activities or that YesChat.ai is otherwise affiliated or associated with Mr. Robbins in some manner. Any and all such statements, suggestions and implications are false and

_____

[1] Section 43(a) of the Lanham Act (15 U.S.C. § 1125) provides in relevant part: "(1) Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, <u>false or misleading description of fact, or false or misleading representation of fact</u>, which (A) is likely to cause confusion, or to cause mistake, <u>or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person</u> . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." (Emphasis added.)

p. 31

**EXHIBIT C**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 7

misleading.  Mr. Robbins does not endorse or sponsor the Website, YesChat.ai, or its business ventures, nor does YesChat.ai have any association or affiliation with Mr. Robbins, nor has he authorized YesChat.ai to use, post or reference his name  on the Website for any commercial purpose.

It is evident that YesChat.ai has sought to create a false impression that Mr. Robbins endorses or is affiliated with its business in order to lend credibility to YesChat.ai's business, and to attract potential customers to the Website to purchase the products and services sold thereon.  It goes without saying that the false and fraudulent "endorsement" by Mr. Robbins would cause consumer confusion as to Mr. Robbins' nonexistent endorsement of and affiliation with YesChat.ai's business venture and the Tony Robbins AI chatbot replicas, products and services sold by YesChat.ai.   Accordingly, YesChat.ai has violated the Lanham Act.  *See Chicago Lawyer, Ltd. v. Forty-Sixth Ward Regular Democratic Organization*, 220 U.S.P.Q. 511, 1982 WL 1283 (N.D. Ill. 1982) (plaintiff publisher had cause of action under Lanham Act where the defendant reprinted excerpts from plaintiff's publication so as falsely to imply plaintiff's endorsement and sponsorship of defendant's candidates); *Better Business Bureau of Metropolitan Houston, Inc. v. Medical Directors, Inc.*, 681 F.2d 397 (5th Cir. 1982) (Better Business Bureau had Lanham Act claim when weight reduction center used its name in its advertising, falsely implying that its program was endorsed by the Better Business Bureau).  **In this regard, YesChat.ai should be aware that Section 43(a) not only provides for injunctive relief but also for treble damages and disgorgement of profits in appropriate circumstances.  *See,* 15 U.S.C. §1117.**

Here, it is apparent that YesChat.ai has misappropriated and used Mr. Robbins' world-recognized identity and brand, and his false endorsement of YesChat.ai to deceive the public as to YesChat.ai's purported "affiliation, connection, or association" with Mr. Robbins and his purported "sponsorship or approval" of the AI generated products and services by YesChat.ai.  This is a classic example of a violation of the Lanham Act.

4.   <u>YesChat.ai's Business Practice Constitutes a Violation of Unfair Competition Laws</u>

The aforesaid conduct engaged in by YesChat.ai also constitutes a violation of California's Unfair Competition Law ("UCL").  Cal. Bus. & Prof. Code § 17200 *et seq.*  It is well established that California's UCL "broadly prohibits any unlawful, unfair or fraudulent business act or practice."  *Puentes v. Wells Fargo Home Mortgage, Inc.*, 160 Cal.App.4th 638 (2008); *see also TYR Sport Inc. v. Warnaco Swimwear Inc.,* 679 F. Supp. 2d 1120, 1140–41 (C.D. Cal. 2009) (plaintiff's UCL and intentional interference claims could be brought on same facts as its Lanham Act false comparative advertising claim).  The UCL statute broadly defines "unfair competition" as including "any unlawful, unfair or fraudulent business act or

**EXHIBIT C**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 8

_____

practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof.
Code § 17200.  Thus, the UCL has been found to prohibit "wrongful business
conduct *in whatever context such activity might occur.*"  *People ex rel. City of Santa
Monica v. Gabriel*, 186 Cal. App. 4th 882, 888 (2010).  Here, YesChat.ai will readily
be found liable for violation of the UCL.

     Accordingly, demand is hereby made that YesChat.ai immediately and
permanently remove and cease and discontinue (i) all generation/creation,
reproduction, use, display, posting or publication of any AI generated chatbot
replica of Mr. Robbins, (ii) all use, reproduction, display and publication of Mr.
Robbins' unique proprietary advice, techniques and methodologies, and (iii) all
use, display and publication of Mr. Robbins' name in and from: (a) the YesChat.ai
Website; (b) all social media postings, including Facebook, Instagram, TikTok,
YouTube and X (formerly known as Twitter); and (c) any and all other
advertisements and/or promotions of products and/or services offered by
YesChat.ai.  In addition, demand is hereby made that YesChat.ai delete, in their
entirety, all pages accessed by the URLs listed above.  **Please confirm within 24
hours of receipt of this notice that YesChat.ai has and will fully comply with
the aforesaid demands.  Absent timely compliance, our office will take all
action necessary and appropriate to protect and enforce our client's rights**.

     I trust that YesChat.ai will give this matter immediate attention and fully
comply with the aforesaid demands.

     This letter is not intended to constitute a full statement of all facts and
circumstances related to this matter, nor is it intended to be, nor should it be
construed as, a waiver, release, or relinquishment of any rights or remedies
available to my client, whether legal or equitable, all of which are hereby expressly
reserved.

Very truly yours,

BRIAN G. WOLF
Of
LAVELY & SINGER
PROFESSIONAL CORPORATION

BGW/mj

cc:   Bruce Levine, Esq.

**EXHIBIT C**

# LAVELY & SINGER
### PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW
SUITE 2400

2049 CENTURY PARK EAST

LOS ANGELES, CALIFORNIA 90067-2906

TELEPHONE (310) 556-3501

FACSIMILE (310) 556-3615

www.LAVELYSINGER.com

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
PAUL N. SORRELL
MICHAEL E. WEINSTEN
EVAN N. SPIEGEL
ALLISON S. HART

T. WAYNE HARMAN
DAVID B. JONELIS
MELISSA Y. GLASS △
KELSEY J. LEEKER
CESIE C. ALVAREZ △
MAX D. FABRICANT
MEGAN S. MALLONEE

△ ALSO ADMITTED IN NY
▲ ALSO ADMITTED IN TX

## LEGAL NOTICE
## IMMEDIATE ATTENTION REQUIRED

May 21, 2025

**VIA EMAIL: support@yeschat.ai**
**& FEDERAL EXPRESS**

MIRA MUSE LLC
YESCHAT.AI
81807 E. County Road 22
Deer Trail, CO  80105

> **Re:** **Tony Robbins / YesChat.ai**
> **(Violation of Cal. Civ. Code § 3344 / Trademark Infringement)**
> **Our File No. 1470-375**

Please Take Notice:

As of the time of the preparation of this letter, I have not yet received a response from Mira Muse LLC to my letter of March 31, 2025 concerning the unauthorized blatant and fraudulent use and publication of AI chatbot replicas of Anthony Robbins.  A copy of my letter of March 31, 2025 is attached for your convenience.

Demand is made that you confirm within 48 hours of your receipt of this letter that Mira Muse/YesChat.ai will immediately and permanently cease and discontinue all use, reproduction, display and publication of any and all Tony Robbins AI chatbot replicas, and otherwise fully comply with the additional demands set forth by my letter to you of March 31.

Absent your full and immediate compliance with the demands set forth by my letter to you of March 31, our office will commence a legal action against Mira Muse/YesChat.ai, including each of its principals, and all persons acting in concert with Mira Muse/YesChat.ai in the fraudulent creation, use and exploitation of Tony Robbins AI chatbots.  We will file that action in the state of California and seek recovery of all damages as a result of your illegal conduct, including without

p. 34

**EXHIBIT C**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
May 21, 2025
Page 2

limitation compensatory damages, punitive damages, statutory damages, and all attorneys' fees and costs incurred in pursuing that action.

Please give this matter your immediate attention and confirm your compliance with the aforesaid demands.

All rights, claims and remedies against Mira Muse/YesChat.ai, its principals, and all persons and entities acting in concert with  Mira Muse/YesChat.ai are specifically reserved.

Very truly yours,

BRIAN G. WOLF
Of
LAVELY & SINGER
PROFESSIONAL CORPORATION

BGW/mj
Attach.

p. 35

**EXHIBIT C**

# LAVELY & SINGER
### PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW
### SUITE 2400
### 2049 CENTURY PARK EAST
### LOS ANGELES, CALIFORNIA 90067-2906
### TELEPHONE (310) 556-3501
### FACSIMILE (310) 556-3615
### www.LAVELYSINGER.com

JOHN H. LAVELY, JR.
MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
PAUL N. SORRELL
MICHAEL E. WEINSTEN
EVAN N. SPIEGEL
ALLISON S. HART

T. WAYNE HARMAN
DAVID B. JONELIS
MELISSA Y. GLASS ⸱
KELSEY J. LEEKER
CESIE C. ALVAREZ ⸱
MAX D. FABRICANT
MEGAN S. MALLONEE

⸱ ALSO ADMITTED IN NY
⁑ ALSO ADMITTED IN TX

### <u>LEGAL NOTICE</u>
### <u>IMMEDIATE ATTENTION REQUIRED</u>

March 31, 2025

**VIA EMAIL: support@yeschat.ai**

MIRA MUSE LLC
YESCHAT.AI
81807 E. County Road 22
Deer Trail, CO  80105

> Re:    <u>Tony Robbins / YesChat.ai</u>
> <u>(Violation of Cal. Civ. Code § 3344 / Trademark Infringement)</u>
> <u>Our File No. 1470-208</u>

Please Take Notice:

This office is litigation counsel on behalf of Anthony Robbins and his related companies, including Robbins Research International, Inc. ("RRI").  RRI is the sole and exclusive owner of all intellectual property and publicity rights on behalf of Anthony "Tony" Robbins, including the commercial rights to Mr. Robbins' name, and all copyrights and trademarks in and to the *Anthony Robbins'* name and brand.

It has come to our attention that on the website located at https://www.yeschat.ai/ ("YesChat.ai" or the "Website"), YesChat.ai offers subscribers several AI-powered chatbot replicas of Anthony "Tony" Robbins, promoted as a means of communicating with and receiving advice from an AI generated virtual chatbot of Mr. Robbins.  The AI chatbot replicas of Mr. Robbins are located at the following URLs:

1.    https://www.yeschat.ai/gpts-2OTogxlOvE-Tony-Robbins-GPT

2.    https://www.yeschat.ai/gpts-2OToO5C7wU-Coach-Tony

3.    https://www.yeschat.ai/gpts-2OToO8b2aQ-Tony-Robbins

p. 36

**EXHIBIT C**

MIRA MUSE LLC
YESCHAT.AI
Re:  **Tony Robbins / YesChat.ai**
March 31, 2025
Page 2

4. https://www.yeschat.ai/gpts-2OToXX1zxG-Tony-Robbins-Coachfully-AI

5. https://www.yeschat.ai/gpts-9t557oxENu9-Coach-Tony

6. https://www.yeschat.ai/gpts-ZxX4DtYa-Tony

7. https://www.yeschat.ai/gpts-2OToc81H0t-Your-Personal-DWD-Guide

8. https://www.yeschat.ai/gpts-9t55R6RziXz-Tony-Robbins-Espa%C3%B1ol-GPT

9. https://www.yeschat.ai/gpts-9t55R6RziXy-Talk-To-Tony-Robbins

10. https://www.yeschat.ai/gpts-2OToOBzg37-Tu-Coach-Para-El-%C3%89xito

11. https://www.yeschat.ai/gpts-9t55QZcCKgR-Executive-Coach

The following are a few examples of the blatant commercial misappropriation and use of Mr. Robbins' well-known persona, brand and products presented by the chatbot replicas of Mr. Robbins accessible on the Website:

- The chatbot referenced as "*Your Personal DWD Guide - Tony Robbins DWD Coaching*" is promoted "as an interactive, digital coach for individuals attending or interested in Tony Robbins' Date With Destiny (DWD) program.  It combines the aspirational, motivational ethos of Robbins' teachings with practical, actionable advice . . . and "integrates principals from Robbins work".

- The chatbot referenced as "*Tony Robbins GPT - Personal Development Guide*" is promoted as embodying "the motivational and empowering style of renowned life coach Tony Robbins . . . . It leverages Tony Robbins' coaching frameworks, such as the Robbins-Madanes method and principles".

- The chatbot referenced as "*Tony - Coaching-Style AI Assistant*" is promoted as "drawing inspiration from Tony Robbins", including his use of neuro-linguistic programming, and claims that "Tony helps break it down into fundamental elements, offering insights using NLP for better self-awareness".

p. 37

**EXHIBIT C**

MIRA MUSE LLC
YESCHAT.AI
Re:  **Tony Robbins / YesChat.ai**
March 31, 2025
Page 3

---

- The chatbot referenced as "*Tony Robbins - AI Life Coaching*" is promoted as acknowledging that it incorporates and uses the "techniques of the real Tony Robbins" through an "AI-driven model designed to emulate his approach to personal development, leveraging techniques . . . .", and that the "model utilizes interactive dialogue, mirroring Tony Robbins' dynamic coaching style".

It is evident that the aforesaid AI generated chatbot replicas of Mr. Robbins copy, recreate and reproduce his unique advice, techniques and methodologies. YesChat.ai is not authorized to use, reproduce or publish in any manner any purported message from an AI chatbot or replica imitation of Mr. Robbins, nor otherwise copy, reproduce and publish his unique proprietary advice, teachings and methodologies.   For the reasons stated below, YesChat.ai's conduct constitutes a blatant and illegal violation of California and U.S. laws.

**Accordingly, demand is hereby made that YesChat.ai immediately and permanently remove and cease and discontinue (i) all generation/creation, reproduction, use, display, posting or publication of any AI generated chatbot replica of Mr. Robbins, (ii) all use, reproduction, display and publication of Mr. Robbins' unique proprietary advice, techniques and methodologies, and (iii) all use, display and publication of Mr. Robbins' name in and from: (a) the YesChat.ai Website; (b) all social media postings, including Facebook, Instagram, TikTok, YouTube and X (formerly known as Twitter); and (c) any and all other advertisements and/or promotions of products and/or services offered by YesChat.ai.  In addition, demand is hereby made that YesChat.ai delete, in their entirety, all pages accessed by the URLs listed above.  Please confirm within 24 hours of receipt of this notice that YesChat.ai has and will fully comply with the aforesaid demands. Absent timely compliance, our office will take all action necessary and appropriate to protect and enforce our client's rights.**

1.  <u>The Reproduction and Publication of Mr. Robbins Unique Proprietary Advice, Techniques and Methodologies Constitutes Copyright Infringement</u>

Under the *United States Copyright Act*, only "the owner of copyright . . . has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies . . . (2) prepare derivative works . . . [and] (3) to distribute copies . . . of the copyrighted work to the public . . . ." 17 U.S.C. § 106(1)-(3).

Here, by use of its software, YesChat.ai is reproducing and distributing RRI's copyright protected intellectual property without license or authority.  YesChat.ai's acts constitute blatant and knowing copyright infringement. *See, e.g.,, Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 275 F.Supp.2d 543, 576-

p. 38

**EXHIBIT C**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 4

77 (2003) (affirming summary judgment in favor of copyright owner where infringer digitally copied movie trailers and distributed the trailers to internet websites); *Microsoft Corp. v. Grey Computer*, 910 F.Supp. 1077, 1084 (D. Md. 1995) (holding that *Microsoft*, as owner of copyrighted material, had the exclusive right to limit the distribution chain of its products); *Gamma Audio & Video v. Ean-Chea*, 11 F.3d 1106, 1112-1113 (1st Cir. 1993) (affirming district court's finding that defendants infringed upon copyrights in the underlying works where they distributed videotapes containing images protected by plaintiff's registered copyrights; *Radji v. Khakbaz*, 607 F.Supp. 1296, 1299 (D.C.D.C. 1985) (holding that a copyright owner has exclusive right to control publication and display of his copyrighted works and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership). Significantly, the courts recognize the validity of copyright infringement claims over their unauthorized use and storage of copyrighted works in developing, maintaining, and exploiting AI software. *See Tremblay v. OpenAI, Inc.*, No. 23-CV-03223-AMO, 2024 WL 557720, at *2 (N.D. Cal. Feb. 12, 2024) (OpenAI failed to challenge the direct copyright infringement in its motion to dismiss; *Andersen v. Stability AI Ltd.*, No. 23-CV-00201-WHO, 2023 WL 7132064, at *5 (N.D. Cal. Oct. 30, 2023) (allowing a copyright infringement claim to proceed against AI company storing and using copyrighted works without permission to train its AI software).

RRI is the sole and exclusive owner of the copyrights in and to the RRI intellectual property ingested and copied by YesChat.ai. Accordingly, YesChat.ai is in direct violation of the Copyright Act. *Id.* § 501(a). Under the *Copyright Act*, a copyright owner may elect to recover, instead of actual damages and profits, an award of statutory damages of up to $150,000 per work willfully infringed. *Id.* § 504. As the Supreme Court has said, "The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes." *F.W. Woolworth v. Contemporary Arts*, 73 S.Ct. 222, 233 (1952); *Douglas v. Cunningham*, 294 U.S. 207, 210, 55 S.Ct. 365, 366 (1935). Practically speaking, this means that a plaintiff may recover an amount greater than those damages actually sustained without ever having to prove actual damages and profits. *See, e.g.*, *RSO Records, Inc. v. Peri*, 596 F.Supp. 849, 862 (S.D.N.Y. 1984) (plaintiffs failed to quantify damages but were entitled to maximum statutory damages for each work infringed); *Peer International Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1333 (9th Cir. 1990), *cert. denied* 498 U.S. 1109, 111 S.Ct. 1019 (1991) (affirming the trial court's award of the maximum amount of statutory damages per work). **Accordingly, YesChat.ai may be found liable for $150,000 for (i) each unauthorized copy and reproduction of RRI intellectual property ingested and copied by YesChat.ai's software, and (ii) each copy of content comprising RRI intellectual property distributed by YesChat.ai (to its users/subscribers) without license or authority from RRI.**

**EXHIBIT C**

MIRA MUSE LLC
YESCHAT.AI
Re: **Tony Robbins / YesChat.ai**
March 31, 2025
Page 5

_____

     Moreover, by facilitating the unauthorized reproduction and distribution of RRI's intellectual property and content, YesChat.ai may be found to be a contributory infringer and may be held vicariously liable for infringement of the copyrights in the RRI intellectual property. One infringes contributorily by intentionally inducing or encouraging direct infringement and infringes vicariously by profiting from direct infringement while declining to exercise the right to stop or limit the infringement. *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 940, 943-44 (9th Cir. 2011) (affirming defendant website could be held liable for secondary copyright infringement where it "provid[ed] direct infringers with server space" and such servers were an "essential step in the infringement process"). These secondary liability doctrines, which emerged from common law principles, are well-established in the law of copyright. *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 104 S. Ct. 774 (1984). Applying such rules to online platforms allowing individual users to access and retrieve copyrighted works, the United States Supreme Court has held that operating this type of service constitutes copyright infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764 (2005); *see also A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019–24 (9th Cir. 2001). Notably, such an online platform may not avail itself to safe harbor protections under the Digital Millennium Copyright Act ("DMCA") if it receives a financial benefit directly attributable to the infringing activity and has the right and ability to control such activity. *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1044 (9th Cir. 2013) (citing 17 U.S.C. § 512(c)(1)(B).

    2.    <u>The Unauthorized Commercial Use of Mr. Robbins' Name Violates California Civil Code § 3344 and California's Common Law Right of Publicity</u>

     YesChat.ai's creation of AI chatbot replicas of Mr. Robbins, including the prominent use of Mr. Robbins' name to advertise and promote its AI generated products and services, and to attract potential customers to subscribe to YesChat.ai's products and services, constitutes an unauthorized commercial exploitation in violation of my client's statutory and common law rights of publicity. *See* Cal. Civil Code § 3344. Civil Code § 3344(a) provides in relevant part that:

> "Any person who knowingly uses another's name . . . in any manner . . . or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent . . . shall be liable for any damages sustained by the person or persons injured as a result thereof." (Emphasis added).

**In addition, Section 3344 provides that the claimant may recover as additional damages "any profits from the unauthorized use" of the name . . . other publicity rights together with the recovery of all attorneys' fees and costs.**

p. 40

**EXHIBIT C**

MIRA MUSE LLC
YESCHAT.AI
Re:  **Tony Robbins / YesChat.ai**
March 31, 2025
Page 6

_____

Here, YesChat.ai is using Mr. Robbins' world-recognized name and brand without consent or authority, publishing AI chatbot replicas of Mr. Robbins.  In short, YesChat.ai is trading on Mr. Robbins' goodwill, brand and reputation for a commercial purpose, converting the potential economic value in Mr. Robbins' identity and his proprietary techniques and methodologies to YesChat.ai's advantage, which is illegal under U.S. and California laws.  As the court explained in *Eastwood v. Superior Court*, 149 Cal.App.3d 409, 420, 198 Cal.Rptr. 342 (1983): "Because of a celebrity's audience appeal, people respond almost automatically to a celebrity's name or picture."  *See also, Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1098 (9th Cir. 1992) (holding no error in the instructions given to the jury regarding plaintiff's claim that defendant misappropriated plaintiff's voice and image by deliberately imitating it).  Here, YesChat.ai has blatantly and unlawfully used my client's world-recognized persona, name, and brand as a "hook" to advertise and promote its services and products, thereby capitalizing on my client's famous persona for commercial gain.

Here, as YesChat.ai is undoubtedly aware, Mr. Robbins' name, image and brand are recognized throughout the world, and YesChat.ai intentionally and conspicuously exploited that world-wide recognition without Mr. Robbins' approval to sell its products and services, which will result in significant monetary damages against all owners and operators of the Website.

   3.   The Unauthorized Use of Mr. Robbins' Trade Name On The Website Violates § 43(a) of the Federal Lanham Act

In addition to the foregoing liability for copyright infringement and misappropriation of Mr. Robbins' right of publicity, YesChat.ai's prominent and unauthorized commercial use of Mr. Robbins' name on the Website constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).[1]  Specifically, by the prominent use and display of Mr. Robbins' name on the Website, including various "Tony Robbins" AI chatbot replicas, YesChat.ai has violated § 1125(a) of the Lanham Act by falsely implying an endorsement, affiliation and association with Mr. Robbins.  The unauthorized use of our client's trade name falsely implies that Mr. Robbins endorses and sponsors YesChat.ai's business activities or that YesChat.ai is otherwise affiliated or associated with Mr. Robbins in some manner.  Any and all such statements, suggestions and implications are false and

_____

[1]  Section 43(a) of the Lanham Act (15 U.S.C. § 1125) provides in relevant part: "(1) Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, <u>false or misleading description of fact, or false or misleading representation of fact</u>, which (A) is likely to cause confusion, or to cause mistake, <u>or to  deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person</u> . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." (Emphasis added.)

p. 41

**EXHIBIT C**

MIRA MUSE LLC
YESCHAT.AI
Re:  **Tony Robbins / YesChat.ai**
March 31, 2025
Page 7

misleading.  Mr. Robbins does not endorse or sponsor the Website, YesChat.ai, or its business ventures, nor does YesChat.ai have any association or affiliation with Mr. Robbins, nor has he authorized YesChat.ai to use, post or reference his name  on the Website for any commercial purpose.

It is evident that YesChat.ai has sought to create a false impression that Mr. Robbins endorses or is affiliated with its business in order to lend credibility to YesChat.ai's business, and to attract potential customers to the Website to purchase the products and services sold thereon.  It goes without saying that the false and fraudulent "endorsement" by Mr. Robbins would cause consumer confusion as to Mr. Robbins' nonexistent endorsement of and affiliation with YesChat.ai's business venture and the Tony Robbins AI chatbot replicas, products and services sold by YesChat.ai.  Accordingly, YesChat.ai has violated the Lanham Act.  *See Chicago Lawyer, Ltd. v. Forty-Sixth Ward Regular Democratic Organization*, 220 U.S.P.Q. 511, 1982 WL 1283 (N.D. Ill. 1982) (plaintiff publisher had cause of action under Lanham Act where the defendant reprinted excerpts from plaintiff's publication so as falsely to imply plaintiff's endorsement and sponsorship of defendant's candidates); *Better Business Bureau of Metropolitan Houston, Inc. v. Medical Directors, Inc.*, 681 F.2d 397 (5th Cir. 1982) (Better Business Bureau had Lanham Act claim when weight reduction center used its name in its advertising, falsely implying that its program was endorsed by the Better Business Bureau).  **In this regard, YesChat.ai should be aware that Section 43(a) not only provides for injunctive relief but also for treble damages and disgorgement of profits in appropriate circumstances.** *See,* **15 U.S.C. §1117.**

Here, it is apparent that YesChat.ai has misappropriated and used Mr. Robbins' world-recognized identity and brand, and his false endorsement of YesChat.ai to deceive the public as to YesChat.ai's purported "affiliation, connection, or association" with Mr. Robbins and his purported "sponsorship or approval" of the AI generated products and services by YesChat.ai.  This is a classic example of a violation of the Lanham Act.

4.    <u>YesChat.ai's Business Practice Constitutes a Violation of Unfair Competition Laws</u>

The aforesaid conduct engaged in by YesChat.ai also constitutes a violation of California's Unfair Competition Law ("UCL").  Cal. Bus. & Prof. Code § 17200 *et seq.*  It is well established that California's UCL "broadly prohibits any unlawful, unfair or fraudulent business act or practice."  *Puentes v. Wells Fargo Home Mortgage, Inc.*, 160 Cal.App.4th 638 (2008); *see also TYR Sport Inc. v. Warnaco Swimwear Inc.,* 679 F. Supp. 2d 1120, 1140–41 (C.D. Cal. 2009) (plaintiff's UCL and intentional interference claims could be brought on same facts as its Lanham Act false comparative advertising claim).  The UCL statute broadly defines "unfair competition" as including "any unlawful, unfair or fraudulent business act or

p. 42

**EXHIBIT C**

MIRA MUSE LLC
YESCHAT.AI
Re: __Tony Robbins / YesChat.ai__
March 31, 2025
Page 8

_____

practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Thus, the UCL has been found to prohibit "wrongful business conduct _in whatever context such activity might occur._" _People ex rel. City of Santa Monica v. Gabriel_, 186 Cal. App. 4th 882, 888 (2010). Here, YesChat.ai will readily be found liable for violation of the UCL.

Accordingly, demand is hereby made that YesChat.ai immediately and permanently remove and cease and discontinue (i) all generation/creation, reproduction, use, display, posting or publication of any AI generated chatbot replica of Mr. Robbins, (ii) all use, reproduction, display and publication of Mr. Robbins' unique proprietary advice, techniques and methodologies, and (iii) all use, display and publication of Mr. Robbins' name in and from: (a) the YesChat.ai Website; (b) all social media postings, including Facebook, Instagram, TikTok, YouTube and X (formerly known as Twitter); and (c) any and all other advertisements and/or promotions of products and/or services offered by YesChat.ai. In addition, demand is hereby made that YesChat.ai delete, in their entirety, all pages accessed by the URLs listed above. **Please confirm within 24 hours of receipt of this notice that YesChat.ai has and will fully comply with the aforesaid demands. Absent timely compliance, our office will take all action necessary and appropriate to protect and enforce our client's rights.**

I trust that YesChat.ai will give this matter immediate attention and fully comply with the aforesaid demands.

This letter is not intended to constitute a full statement of all facts and circumstances related to this matter, nor is it intended to be, nor should it be construed as, a waiver, release, or relinquishment of any rights or remedies available to my client, whether legal or equitable, all of which are hereby expressly reserved.

Very truly yours,

BRIAN G. WOLF
Of
LAVELY & SINGER
PROFESSIONAL CORPORATION

BGW/mj

cc:    Bruce Levine, Esq.

p. 43

**EXHIBIT C**

**EXHIBIT D**

1   **BRIAN G. WOLF (SBN 135257)**
    bwolf@lavelysinger.com
2   **EVAN N. SPIEGEL (SBN 198071)**
    espiegel@lavelysinger.com
3   **CESIE C. ALVAREZ (SBN 355204)**
    calvarez@lavelysinger.com
4   **LAVELY & SINGER P.C.**
    2049 Century Park East, Suite 2400
5   Los Angeles, California 90067-2906
    Tel:    (310) 556-3501
6

7   Attorneys for Plaintiffs
    ROBBINS RESEARCH INTERNATIONAL, INC.,
8   and TR LEGACY, LLC

9

10              **UNITED STATES DISTRICT COURT**

11            **SOUTHERN DISTRICT OF CALIFORNIA**

12

13  **Robbins Research International, Inc.,**)    CASE NO.: 25cv1637-GPC-DEB
    a corporation; **TR Legacy, LLC**, a      )
14  limited liability company,                )    **PROOF OF SERVICE OF**
                                              )    **SUMMONS FOR DEFENDANT**
15              Plaintiffs,                   )    **INNOLEAP AI LLC**
                                              )
16        v.                                  )
                                              )
17  **InnoLeap AI LLC**, a limited liability   )
    company; **Mira Muse LLC**, a limited      )
18  liability company; and DOES 1-10,         )
    inclusive,                                )
19                                            )
                                              )
20              Defendants.                   )
21  _____)

22

23

24

25

26

27                                                   p. 44

28                                          **EXHIBIT D**
    1470-380

AO 441   Summons in a Civil Action                                                                                 (Page 2)

**Civil Action No.** 25cv1637-GPC-DEB                          Date Issued: _____ 6/27/25

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summons for *(name of individual and title, if any)* InnoLeap AI LLC _____

was received by me on *(date)* ____ 6-30-2025 _____.

☐ I personally served the summons on the individual at *(place)* _____

    30 N. Gould Street, Suite N, Sheridan, WY 82801 _____ on *(date)* __07/01/2025__ ; or

☐ I left the summons at the individual's residence or place of abode with *(name)* _____

    _____, a person of suitable age and discretion who resides there,

    on *(date)* _____, and mailed a copy to the individual's last known address; or

        Savannah Bell, Clerk for Northwest Registered Agent Service Inc.
☐ I served the summons on *(name of the individual)* _____, who is

    designated by law to accept service of process on behalf of *(name of organization)* _____

    InnoLeap AI LLC, a limited liability company c/o Northwest Registered Agent Service Inc.   07/01/2025
    _____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ ___269.00___ for travel and $ _____ for services, for a total of $ __269.00__ .

I declare under penalty of perjury that this information is true.

Date: ___07/02/2025___                    _____
                                            *Server's Signature*

                            Dustin Looper, process server
                                       *Printed name and title*

                            800 W. 1st St., Ste. 200B, Los Angeles, CA 90012
                                       *Server's address*

## NOTICE OF RIGHT TO CONSENT TO TRIAL BY A UNITED STATES MAGISTRATE JUDGE

IN ACCORDANCE WITH THE PROVISION OF 28 USC 636(C) YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON CONSENT OF ALL PARTIES, CONDUCT ANY OR ALL PROCEDDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT CONSENT IS ENTIRELY VOLUNTARY AND SHOUL BE COMMUNICATED SOLELY TO THE CLERK OF COURT. ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. C     **p. 45**
ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE F

**EXHIBIT D**

**EXHIBIT E**

1   **BRIAN G. WOLF (SBN 135257)**
    bwolf@lavelysinger.com
2   **EVAN N. SPIEGEL (SBN 198071)**
    espiegel@lavelysinger.com
3   **CESIE C. ALVAREZ (SBN 355204)**
    calvarez@lavelysinger.com
4   **LAVELY & SINGER P.C.**
    2049 Century Park East, Suite 2400
5   Los Angeles, California 90067-2906
    Tel:   (310) 556-3501
6

7   Attorneys for Plaintiffs
    ROBBINS RESEARCH INTERNATIONAL, INC.,
8   and TR LEGACY, LLC

9

10              **UNITED STATES DISTRICT COURT**

11             **SOUTHERN DISTRICT OF CALIFORNIA**

12

13  **Robbins Research International, Inc.**,)   CASE NO.: 25cv1637-GPC-DEB
    a corporation; **TR Legacy, LLC**, a     )
14  limited liability company,               )   **PROOF OF SERVICE OF**
                                             )   **SUMMONS FOR DEFENDANT**
15              Plaintiffs,                  )   **MIRA MUSE LLC**
                                             )
16          v.                               )
                                             )
17  **InnoLeap AI LLC**, a limited liability )
    company; **Mira Muse LLC**, a limited    )
18  liability company; and DOES 1-10,       )
    inclusive,                               )
19                                           )
                                             )
20              Defendants.                  )
                                             )
21  _____)

22

23

24

25

26

27                                              p. 46

28                                          **EXHIBIT E**

    1470-380
    _____
    PROOF OF SERVICE OF SUMMONS RE DEFENDANT MIRA MUSE LLC        **25cv1637**

AO 441    Summons in a Civil Action                                                                (Page 2)

Civil Action No. 25cv1637-GPC-DEB                    Date Issued:    6/27/25

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

I personally served the summons on the individual at *(place)* _____
1500 N. Grant Street, Suite R , Denver, CO 80203 _____ on *(date)* ____ 06/30/2025 ____ ; or

I left the summons at the individual's residence or place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

I served the summons on *(name of the individual)* Sam Ellis, Authorized Person of Registered Agents Inc. , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

Mira Muse LLC, a limited liability company c/o Registered Agents Inc.   on *(date)* ____ 06/30/2025 or

I returned the summons unexecuted because _____ ; or

Other *(specify)*:


My fees are $ ____ 269.00 ____ for travel and $ _____ for services, for a total of $ ____ 269.00 ____ .

I declare under penalty of perjury that this information is true.

Date:    07/02/2025                          *Tara A Minto*
_____                _____
                                              *Server's Signature*

                                        Tara Minto, PROCESS SERVER
                                        _____
                                              *Printed name and title*

                                        800 W. 1st St., Ste. 200B, Los Angeles, CA 90012
                                        _____
                                              *Server's address*

## NOTICE OF RIGHT TO CONSENT TO TRIAL BY A UNITED STATES MAGISTRATE JUDGE

IN ACCORDANCE WITH THE PROVISION OF 28 USC 636(C) YOU ARE HEREBY NOTIFIED THAT A U.S.
MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON CONSENT OF ALL PARTIES, CONDUCT ANY OR
ALL PROCEDDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL
JUDGMENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT CONSENT IS ENTIRELY
VOLUNTARY AND SHOUL BE COMMUNICATED SOLELY TO THE CLERK OF COURT. ONLY IF ALL
PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE WHOM THE CASE HAS BEEN ASSIGNED
BE INFORMED OF YOUR DECISION.
                                                                        p. 47

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. COURT
ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEI    **EXHIBIT E**

                                                                        FRS-25-6426