1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

**Robbins Research International, Inc.**, a corporation; **TR Legacy, LLC**, a limited liability company,

              Plaintiffs,

        v.

**InnoLeap AI LLC**, a limited liability company; **Mira Muse LLC**, a limited liability company; and DOES 1-10, inclusive,

              Defendants.

CASE NO.: 25cv1637-GPC-DEB
Hon. Gonzalo P. Curiel

**STIPULATED JUDGMENT AND ORDERS AGAINST DEFENDANTS INNOLEAP AI LLC AND MIRA MUSE LLC**

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JUDGMENT AND ORDERS**                                    **25cv1637**

**JUDGMENT AND ORDERS**

    **IT IS ADJUDGED AND DECREED**, including pursuant to stipulation by and amongst the parties, that Plaintiffs **ROBBINS RESEARCH INTERNATIONAL, INC.** ("RRI") and **TR LEGACY, LLC** ("TRL") (collectively, "Plaintiffs") are deemed the prevailing parties on their first, second, third, fourth and fifth claims in the above-captioned action, and <u>an order and judgment shall hereby issue and be entered, joint and severally, against Defendants</u> **INNOLEAP AI LLC** and **MIRA MUSE LLC** (collectively, "Defendants"), for (1) Trademark Infringement (15 U.S.C. § 1114(A) and § 1125(A)) , (2) Statutory Misappropriation Of Name And Likeness (Cal. Civ. Code § 3344), (3) Common Law Misappropriation Of Name And Likeness, (4) False Designation Of Origin (15 U.S.C. § 1125(A)), and (5) Common Law Unfair Competition, <u>as follows</u>:

    **(1)**    **Monetary Damages Judgment in the Sum of One Million Dollars ($1,000,000)** - Pursuant to 15 U.S.C.A. § 1117(a), and upon stipulation of Defendants and upon a finding by the Court, including based on the allegations of the Complaint that are stipulated as unopposed and accepted as fact by Defendants, that it is just and that Defendants have infringed on and/or diluted Plaintiffs' rights in the Plaintiff's U.S. Patent and Trademark Office ("USPTO") registered marks "TONY ROBBINS" (word mark Registration No. 4154395 and International Registration No. 1426841), and "ANTHONY ROBBINS" (service mark Registration No. 2305962 and International Registration No. 0895305) and "ANTHONY ROBBINS" (word mark Registration No. 3354887) (collectively, the "Robbins' Mark(s)"), and upon stipulation of Defendants and upon finding by the Court that that Defendants have infringed on the protected right of publicity of the name, image, likeness, persona and voice of Anthony "Tony" Robbins (collectively, "Robbins' NIL") -- **judgment in the form of monetary compensatory damages is ordered and entered against Defendants, joint and**

1

**severally, in the sum of One Million Dollars ($1,000,000) ("Damages Judgment"),** said amount calculated and comprised of compensatory damages ("Compensatory Damages") as the reasonable value for the infringing Robbins AI Chatbot replicas and unauthorized use of Robbins' Marks and NIL.

**(2)** **Permanent Injunction against Defendants/Enjoined Parties** - Pursuant to 15 U.S.C. § 1116(a) and Cal. Civ. Code § 3344, it is hereby ordered that a permanent injunction issue and is entered in favor of Plaintiffs against Defendants, and their agents, servants, employees, representatives, partners, joint venturers, online store and website platform, web developers, host providers, registrars, payment processing services, successors, and assigns, and all persons, firms, or corporations acting on behalf of, in concert or participation with Defendants (each/all of the foregoing including Defendants, collectively referred to as, the "Enjoined Parties"), pursuant to which Enjoined Parties are permanently restrained, enjoined, and prohibited from:

    a.   copying, reproducing, manufacturing, importing, delivering, selling, distributing, marketing, displaying, advertising or promoting, any product and/or service, including AI chatbots, that incorporates or is marketed in conjunction with or by using, displaying or embodying any of the Robbins' Marks (i.e., including "Tony Robbins" and "Anthony Robbins");

    b.   copying, reproducing, manufacturing, importing, delivering, selling, distributing, marketing, displaying, advertising or promoting, any product and/or service, including AI chatbots, that incorporates or is marketed in conjunction with or by using, displaying or embodying the Robbins NIL (i.e., Anthony "Tony" Robbins' name, image, likeness and/or voice) and/or any Robbins' intellectual property and/or the Robbins' brand;

**JUDGMENT AND ORDERS**             **25cv01637**

c.    representing or implying, directly or indirectly, to customers, or any potential customers or online users/viewers of Defendants' YesChat.AI website (or any other website, online store, website platform, App, and/or social media platform) that Defendants' products and/or services, including AI chatbots, originate with or are sponsored, endorsed, or licensed by, or are otherwise associated or affiliated with, RRI, TRL and/or Robbins, and from using, reproducing, or otherwise exploiting Plaintiffs' trademarks, service marks, names, images, likenesses, voices, and personas, including but not limited to the "Tony Robbins" and "Anthony Robbins" marks, the Robbins brand, and the Anthony "Tony" Robbins NIL, in connection with the promotion, distribution, or sale of any products and/or services, including AI chatbots; and

d.    engaging in any conduct and/or contributing to any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers and/or members of the public to believe that any products, including AI chatbots, offered, made available by/through or sold by the Enjoined Parties are connected with RRI, TRL and/or Robbins, are sponsored, approved, or licensed by RRI, TRL and/or Robbins, or are in some way connected or affiliated with RRI, TRL and/or Robbins.

**(3)    Destruction of Infringing Materials** – Defendants, and each of them, including Enjoined Parties, are ordered and required to, within five (5) days of the issuance and service of this Order, to disable, remove and destroy -- including, but not limited, from, on or available through their YesChat.AI website and any websites, apps, stores, social media and/or any other sites, outlets or platforms that they own, operate or control -- all infringing chatbots, chatbot replicas, websites, website urls and links, website listings, digital files, materials, and any other

3

content or products, and all copies thereof, that incorporates, references or misappropriates the Robbins Marks, Robbins' NIL, Robbins' brand and/or any Robbins intellectual property; and provide Plaintiffs with written proof or certification of such destruction.

**IT IS SO ORDERED.**

Dated:  January 9, 2026

Hon. Gonzalo P. Curiel
United States District Judge

**JUDGMENT AND ORDERS**                    25cv01637